STATE v. S. W. CROUSE.

(Filed 2 November, 1921.)

**1. Criminal Law—Evidence—Motions—Nonsuit.**

Defendant's motion to dismiss a criminal action as in case of nonsuit upon the evidence will be denied when the State's evidence, taken alone or with the other evidence in the case, is sufficient in law for a conviction.

**2. Same—Circumstantial Evidence—Inferences—Questions for Jury—Trials.**

Where there is absence of direct proof of the defendant's guilt on the trial of a criminal action, the jury may not only find the basic facts, but make the permissible inferences therefrom in determining the question of the defendant's guilt or innocence, which enters into the consideration of the court upon defendant's motion to dismiss as in case of nonsuit.

**3. Spirituous Liquor—Intoxicating Liquor—Nonsuit—Motions—Evidence—Questions for Jury.**

Evidence tending to show that a furnace for a still had been found in the vicinity of the defendant's home, from which the still had been removed, but ·found nearer defendant's residence, with other evidence that spirituous liquor had been made and found there, and also found at defendant's home to which was a pathway, with the other evidence in this case: *Held*, sufficient to sustain a verdict of the defendant's guilt in unlawfully manufacturing spirituous liquor and having it in possession for the purposes of, sale.

**4. Same—Instructions—Expression of Opinion—Statutes—Appeal and Error.**

Where there is evidence sufficient to convict the defendant for unlawfully manufacturing spirituous liquor and keeping it on his premises for sale, the giving of a requested instruction that the jury should consider the fact that the still was not on the defendant's premises as tending to show his innocence, would be an expression of the judge's opinion upon the weight and effect of the evidence, and is properly refused.

**5. Spirituous Liquor—Intoxicating Liquor—Evidence—Scienter—Correlated Facts—Intent.**

Where there is evidence that the still and liquor were found in the possession of the defendant, charged with the unlawful manufacture and sale of intoxicants, and under his control, the question of his intent or purpose becomes both relevant and material, and it may be shown as throwing light on that question, but not as a separate offense, that about ninety days before the trial a still was found near the defendant's house, giving indication that it had been operated the preceding night.

Appeal by defendant from *Long, J.*, and a jury, at July Term, 1921, of FORSYTH.

Criminal action. The defendant· was convicted of manufacturing spirituous liquor and having it in possession for the purpose of sale in violation of law. At the close of the State's evidence, and, again at the

close of all the evidence, the defendant moved to dismiss the action as in case of nonsuit. The motion was overruled. Defendant excepted. Other exceptions appear in the record.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*John D. Slawter, Swink & Hutchins, and O. O. Efird for defendant.*

ADAMS, J. The defendant's motion to dismiss the action must be determined by the question whether the evidence, when construed most favorably for the State, is legally sufficient to convict. If it is, or if there is any evidence in the record to sustain the counts on which the defendant was convicted, the exception must be overruled. *S. v. Carmon,* 145 N. C., 482; *S. v. Walker,* 149 N. C., 528; *S. v. Carlson,* 171 N. C., 823. In the absence of direct and positive proof, the State is often required to rely upon circumstantial evidence; and when a fact is to be proved by such evidence, the finding of the jury is not dependent entirely upon belief in the truth of the testimony, since the jurors must not only believe the witnesses, but must also draw from their testimony the inferences arising from the facts proved. *Snowden v. Bell,* 159 N. C., 500. All the circumstances disclosed by the evidence, taken in their entirety, must be considered and weighed by the jury in drawing such inferences, and in determining the guilt or innocence of the defendant.

There was evidence for the State tending to show that on 24 June, 1921, Newsome, Pulliam, Scott, Flynn, Wooten, and Dunnigan, deputies of the sheriff, went to the defendant's home with a search warrant; that Newsome went down the branch on the right of the defendant's home and found a furnace under which there had been a fire; that a few hundred yards away he found tubs in a thicket, and a place from which a still had been removed; that 25 or 30 steps nearer the defendant's home and about 200 yards therefrom he saw a still (which meantime had been discovered by Pulliam), under which fire had recently been burning, and tubs in which there had been a quantity of beer; that there was a path leading from the still house toward the defendant's dwelling; that two kegs and several fruit jars, which contained liquor, were found —one of the kegs containing two or three gallons and the other about five; that after two of the officers had gone to the defendant's house, they saw the defendant's wife go into a room and put under the bed a fruit jar, which contained more than a quart of whiskey, while another found a small quantity in the cellar; that the jars found in the house corresponded in size with those found in the field. There was evidence tending to show that the defendant's character was bad as to the manufacture of liquor, and there were various other circumstances tending to

show his guilt. This evidence was clearly of sufficient probative force to require its submission to the jury on each count, and on a motion to dismiss, the defendant's evidence in rebuttal need not be considered. *S. v. McMillan,* 180 N. C., 742; *S. v. Bush,* 177 N. C., 551; *S. v. Horner,* 174 N. C., 789. *S. v. Prince, ante,* 788, is easily distinguishable in that there was an absence of evidence which could reasonably be construed as connecting the defendant in that case with the offense charged. The motion to nonsuit, and the defendant's prayer that if the jury believed the evidence they should · acquit the defendant, and that there was no evidence tending to show that the defendant aided another in the unlawful enterprise, were properly declined.

His Honor could not have granted the defendant's request to instruct the jury that the location of the distillery on the land of another should be considered as tending to show that the defendant was not guilty on either count, without invading the province of the jury, and expressing an opinion upon the weight and effect of the evidence.

Newsome, a witness for the State, was permitted to testify, over the defendant's objection, that about ninety days before the trial, or possibly ·in the preceding September, he found a still at night about 800 yards from the defendant's house, and that it had been in operation during the night. It will be borne in mind that the defendant was convicted of the manufacture of liquor, and of having it in possession for the purpose of sale. If he owned or controlled or had in possession the still or the liquor, the question of his purpose or intent at once became both relevant and material. Evidence of circumstances sufficiently connected with the main charge are competent to show purpose or intent. They are regarded as part of a series of circumstances which, when connected and correlated, are deemed to be competent in proof of the main fact. This principle is illustrated by the opinion in *S. v. Stancill,* 178 N. C., 686, in which it was held that proof of the commission of other like offenses to show the *scienter,* intent, or notice is generally competent when the crimes are so connected or associated that such evidence will throw light upon that question. A discussion of the authorities may be found in *S. v. Simons,* 178 N. C., 679, in which the same principle is stated with clearness by the *Chief Justice.*

The defendant's exceptions to questions propounded by the solicitor to the witness Dean on cross-examination manifestly constitute no ground for a new trial. If the evidence elicited was immaterial it was also harmless. We have examined the defendant's objections to the testimony of the witness Swain, and find them to be without merit. Upon the whole record we find

No error.