KATE H. UNDERWOOD MOORE v. JEFFERSON STANDARD LIFE INSURANCE COMPANY.

(Filed 17 November, 1926.)

**1. Appeal and Error—Issues—Evidence—Broadside Exceptions.**

Where the recovery under a policy of accident insurance depends upon the verdict upon several issues arising under certain stipulations of the policy, exception to evidence as applying solely to one of them and relating to all, will not be sustained on appeal.

**2. Insurance, Accident—Policy—Contracts—Stipulations—Issues—Agreement of Parties—Automobiles.**

Where the defense to an action upon an automobile accident policy of insurance, among other things, provides that the insurer will not be liable if the insured was not sane or sober, and the defendant agrees that the insured was not insane at the time, failure of the judge to instruct the jury as to the former condition is not erroneous.

**3. Same—Evidence—Collective Facts—Opinions—Nonexpert Witnesses.**

Where the insurer's defense to an action upon an automobile accident policy, is nonliability under the express terms of a policy contract as to the insured not being sober at the time of the accident, it is competent for witnesses to the fact to testify in plaintiff's behalf that he was sober immediately before and after the occurrence, as a collective fact of ordinary observation.

**4. Evidence—Witnesses—Impeachment—Statements.**

Upon an issue arising under the terms of an accident policy of insurance, as to whether the insured was sober at the time of the accident in suit, a statement in writing and signed by plaintiff's witness is not competent as impeaching evidence which does not contradict his testimony, but only in that respect is the opinion of another.

5. **Evidence—Insurance, Accident—Policy—Contracts — Drink — Appeal and Error.**

Where the defense to an action upon an automobile policy of accident insurance is under a provision in the policy exempting the insurer from liability if the plaintiff was not sober, the condition of the plaintiff in this respect is to be ascertained at the time of the injury, and not dependent upon his usual state of insobriety, or whether he had previously received treatment for an alcoholic appetite at an institution for that purpose, and such evidence is properly excluded.

6. **Instructions—Appeal and Error—Insurance, Accident—Policy—Contracts—Defenses.**

Where the insurer under an automobile accident policy defends under a stipulation in the policy contract excluding liability if the insured was not sane or sober at the time of the injury in suit, the judge is not required to charge, on defendant's appeal under our statute, upon the law of insanity, when the defendant has withdrawn its defense thereon.

STACY, C. J., dissenting.

APPEAL by defendant from judgment of *Daniels, J.,* at April Term, 1926, of CUMBERLAND. No error.

Action upon policy of insurance. At the trial below defendant did not contest its liability under the policy to plaintiff, the beneficiary named therein, in the sum of $2,500, the "face amount" of the policy.

It is provided in the policy that defendant will pay double this amount, if the death of the insured results, within ninety days after the occurrence of the injury, directly and independently of all other causes, from bodily injury effected solely through external, violent and accidental means, "while the insured is sane and sober."

The death of the insured resulted from bodily injuries, caused by an accident resulting from the breaking of the radius rod of an automobile which he was driving. The only contested issue submitted to the jury was as follows:

"4. Was the insured at the time of the injury sane and sober? The jury answered the issue, 'Yes.'"

From judgment that plaintiff recover of defendant the sum of $5,000, double the "face amount" of the policy, less the amount due by insured on a premium note, with interest and costs, defendant appealed to the Supreme Court.

*Bullard & Stringfield for plaintiff.*
*Brooks, Parker & Smith and Rose & Lyon for defendant.*

CONNOR, J. The issues submitted to the jury were as follows:

1. Did the insured, James Absalom Moore, die on or about 12 July, 1924? Answer: ... .. ..

2. Did the death of insured result within ninety days after the occurrence of the injury to him? Answer: ........

3. Did the death result directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means? Answer: ........

4. Was the insured at the time of the injury sane and sober? Answer: ........

At the close of all the evidence, the first three issues were withdrawn from the jury and answered "Yes," by consent. Only the fourth issue was submitted to the jury. Manifestly, an exception taken during the progress of the trial, to the admission or exclusion of evidence offered upon the first three issues, and pertinent only to one of these issues, cannot be made the basis of an assignment of error upon appeal to this Court from the judgment. Matters involved in these issues are no longer in controversy. Only assignments of error pertinent to the contested issue can be considered upon this appeal.

Objection by defendant to the testimony of witnesses that they saw deceased, immediately before, and shortly after he was injured, and that in the opinion of each he was then sane and sober cannot be sustained. The witness, Shumate, had been riding with deceased for several hours in the automobile, and was with him when the accident occurred; the witness, R. T. Ozment, and John Robert Ozment, saw deceased soon after the accident and before he had been removed from the scene of the wreck; the witness, Joe Moore, brother of deceased, saw him soon after he had been taken to the hospital, where he subsequently died. Each of these witnesses had opportunity to observe deceased, either at the time he was injured, or soon thereafter; his testimony was competent upon the issue, submitted to the jury. Assignments of error based upon exceptions with respect to the admission of this evidence cannot be sustained.

It was competent for each of these witnesses to testify that in his opinion deceased was sane and sober, at the time he saw him. "The instantaneous conclusions of the mind as to the appearance, condition, or mental or physical state of persons, animals or things, derived from observation of a variety of facts presented to the senses at one and the same time, are, legally speaking, matters of fact and are admissible in evidence. A witness may say that a man appeared intoxicated, or angry or pleased." *Bane v. R. R.,* 171 N. C., 328; *S. v. Leak,* 156 N. C., 643; McKelvey on Evidence, p. 220 *et seq.* Manifestly upon this principle, a witness may say that a man appeared sane and sober.

For the purpose of impeaching the witness Shumate, defendant offered what purported to be a statement prepared by another and

signed by him soon after the accident. Shumate had testified for plaintiff that deceased was sane and sober at the time he was injured. The signed statement, dated 8 August, 1924, contains the following sentence: "On the night of 14 July, 1924, I volunteered to take Mr. James Moore of Fayetteville to his home after the police had threatened to lock him up *for being drunk.*" The court permitted the statement to be read to the jury with the exception of the words "for being drunk." Defendant excepted, for that the court declined to permit the entire sentence, as same appeared in the statement, to be read to the jury. This exception cannot be sustained. The statement with reference to the condition of deceased is to the effect that the policeman and not Shumate charged that deceased was drunk a short time prior to the accident. The statement does not contradict or impeach Shumate, as to the condition of deceased at the time he was injured. Shumate did not say in the statement that deceased was drunk, and that the policeman charged that he was drunk. It may well be that Shumate did not agree with the policeman. He rode thereafter with deceased for several hours in an automobile. There was no evidence that Shumate was drunk, or that he drank intoxicating liquor previous to or while riding with deceased. The accident was not due to the condition of deceased, but was caused by a defect in the automobile.

The testimony of Dr. Pittman that deceased had been treated in his hospital for drunkenness, prior to the date of his injury, was properly excluded. Defendant's liability was not to be determined by whether deceased was addicted to the use of intoxicating liquor, but by whether or not he was sane or sober at the time he received the fatal injury. The fact that deceased had been a patient in the hospital, suffering from the effects of intoxication, at some time prior to the morning following the accident was not relevant and was properly excluded as evidence.

The only remaining assignment of error is based upon defendant's exception to the failure of the judge to charge the jury as required by C. S., 564.

Defendant did not contend that deceased was not sane. Its contention was that he was not sober at the time of his injury. No instruction was therefore required as to the legal definition of sanity or insanity. A careful reading of the charge to the jury shows that his Honor stated therein, in a plain and correct manner the evidence given in the case applicable to the issue which the jury was instructed it was their duty to answer. He further instructed the jury as to the principles of law which should guide them in determining the credibility of the witnesses and the weight to be given to their testimony. The issue involved

solely a question of fact; the charge is not subject to the complaint made of the charge in *Nichols v. Fibre Co.,* 190 N. C., 1. The charge in the instant case complied fully with the requirements of the statute. We find no error therein. The judgment is affirmed.

No error.

STACY, C. J., dissenting: I think there was error, to the prejudice of the defendant, in not admitting the whole of the affidavit, made by the witness Shumate on 14 July, 1924, which, in my opinion, competently tends to impair the credibility of his testimony given at the trial.

The only contested issue before the jury was whether the assured was "sane and sober" at the time he received the injury which subsequently proved fatal. Shumate, who was with the assured for several hours prior to the accident, gave it as his opinion that he was sane and sober when injured. The witness had previously signed an affidavit, in which, *inter alia,* the following statements appear: "On the night of 14 July, 1924, I volunteered to take Mr. James Moore, of Fayetteville, to his home after the police had threatened to lock him up for being drunk. . . . I noticed that he had been drinking intoxicating liquor." His Honor admitted the affidavit, after striking out the words "for being drunk" in the first sentence and the word "intoxicating" in the second sentence above, giving as a reason: "I struck that part out, because he struck it out of his evidence." The fact that the witness testified differently on the trial is what makes the contradictory statements in the affidavit competent, as they tend to impeach his testimony. *Smith v. Tel. Co.,* 168 N. C., 515. This evidence was capitally important, as Shumate had been with the assured for several hours and was the only other person present at the time of the injury.

That the statements of a witness made out of court, orally or in writing, if contradictory in a material respect to his sworn testimony given on the trial, are competent to be offered in evidence, not as substantive proof of the truth of such statements, but for the purpose of discrediting the witness or impeaching his testimony, seems to be settled by all the authorities on the subject. *I. C. R. R. Co. v. Wade,* 206 Ill., 523; *People v. Pursley,* 302 Ill., 62, 134 N. E., 128; *Hanlon v. Ehrict,* 178 N. Y., 474; *Romertze v. Bank,* 49 N. Y., 577; Greenleaf on Evidence, sec. 463.

For the reason stated I am constrained to dissent from the judgment of the majority, as I think a new trial should be awarded the defendant.