STATE v. ED WESTON.

(Filed 10 April, 1929.)

1. **Criminal Law G p—Foot tracks are competent evidence of identity.**

   Where the foot tracks of the defendant on trial for the unlawful possession of intoxicating liquor are relevant to the inquiry, the similarity between them and the shape of the defendant's identified shoes is competent to be testified to by the witnesses, being a "shorthand statement of the fact" of identification resulting from a mental conclusion made by them at the time.

2. **Appeal and Error E b—Matters not set out in record deemed without error.**

   Where there is exception on appeal to the charge of the court, the charge will be presumed to be correct where it is not set out in case on appeal.

3. **Intoxicating Liquor B a—Constructive possession of intoxicating liquor is sufficient—Circumstantial Evidence.**

   Possession of intoxicating liquor necessary to convict of the offense under our prohibition law may be constructive and shown by circumstantial evidence, which in this case is held sufficient to sustain the verdict of the jury for conviction.

4. **Criminal Law G n—Sufficiency of circumstantial evidence.**

   Where the evidence as to the possession of intoxicating liquor is capable of two inferences, one sufficient to convict and one to acquit the defendant, the case should be submitted to the jury, and on the defendant's appeal from an adverse verdict, the question of the sufficiency of the evidence to be submitted to the jury will be determined in the Supreme Court.

APPEAL by defendant from *Cranmer, J.,* at October Term, 1928, of BRUNSWICK.. No error.

This is a criminal action in which the defendant is charged with the unlawful possession of intoxicating liquor, in Brunswick County, on or about 11 May, 1928. There was a verdict of guilty.

From judgment on the verdict, defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Newman & Sinclair for defendant.*

CONNOR, J. Defendant was convicted in the recorder's court of Brunswick County upon a warrant charging him with the unlawful possession of intoxicating liquor. He appealed from the judgment on said conviction to the Superior Court of said county. From the judgment on the verdict at the trial in the Superior Court, he has appealed to this Court. He relies here chiefly upon his assignment of error based on his exception to the refusal of the trial court to allow his motion for judgment of nonsuit, aptly made under C. S., 4643.

Assignments of error based on exceptions to the rulings of the court with respect to the evidence have been duly considered. These assignments present no questions which require discussion; they cannot be sustained. No authorities are cited in defendant's brief in support of his exceptions. The testimony of witnesses that the tracks on and about defendant's premises were similar to the tracks on the path, and at the stills, was competent. The similarity of the tracks was a fact, observable by the witnesses; their testimony was the result of a mental conclusion made by them at the time and is a "shorthand" statement of such conclusion. *S. v. Holland,* 193 N. C., 713, 138 S. E., 8; *Moore v. Ins. Co.,* 192 N. C., 580, 135 S. E., 456; *S. v. Walton,* 186 N. C., 485, 119 S. E., 886; *S. v. Leak,* 156 N. C., 643, 72 S. E., 567. The witnesses were, of course, subject to cross-examination for the purpose of testing the probative value of their testimony.

There is no exception in the record to the charge of the court to the jury. The charge is not included in the case on appeal. It is, therefore, presumed that the charge is free from error, and that the jury was properly instructed as to the law arising upon the evidence, as required by statute. C. S., 564. *S. v. Sigmon,* 190 N. C., 684, 130 S. E., 854, and cases therein cited.

The only question presented for decision, which seems to require discussion, is whether the evidence was sufficient, as a matter of law, for submission to the jury, as tending to show, as a matter of fact, that

the defendant had intoxicating liquor in his possession, actual or constructive, in Brunswick County, on or about 11 May, 1928, in violation of the statute. Possession, either actual or constructive, is sufficient. *S. v. Lee,* 164 N. C., 533, 80 S. E., 405.

There was evidence tending to show that on the morning of 11 May, 1928, certain officers went upon defendant's premises in Brunswick County, to search for stolen property; that no stolen property was found on said premises; that while making said search, the officers found in the smokehouse on said premises, a pair of boots; that these boots were wet, and had "mash" on them, indicating that they had been recently used by some person at a whiskey still; and that defendant owned these boots, and frequently used them, while walking about his premises, and about the neighborhood.

There was evidence, also, tending to show that there were tracks, made by some person wearing boots, on and about defendant's premises, and on a path leading from the road, which runs by said premises, through the woods, to a creek—a distance of about a quarter of a mile; that just across the creek, on the side opposite defendant's premises, there were two whiskey stills; and that about these stills there were boot tracks, indicating by their appearance that they had been recently made. All the boot tracks—those on defendant's premises, those on the path, and those at the stills, were fresh. Witnesses testified that in their opinion, all these tracks were made by the same person wearing the boots found in the smokehouse on defendant's premises, and owned by him.

The evidence tended to show, further, that at a distance of about thirty or thirty-five yards from defendant's premises, on or near the path along which there were boot tracks, leading from said premises, the officers found two hot-water bottles; these bottles were in a hole, covered up by fresh dirt and by grass. There was an odor of whiskey about these bottles; there was no whiskey, however, in them, when they were found by the officers. Fifteen feet from the hot-water bottles, a witness found a half-gallon jug. Following the tracks on the path to a landing on the creek, a witness found, near the landing, sacks containing half-gallon jars, filled with whiskey. The jars contained more than seven gallons of whiskey. Just across the creek, from the landing, were two whiskey stills. In addition to the fresh boot tracks found at the still and along the path leading from the stills to defendant's premises, there were older tracks. Both the old and the fresh tracks appeared to have been made by the same person.

Defendant was not at his home when the officers first arrived there; he came up, however, within about thirty minutes, after they arrived. He came from a direction opposite the path leading to the whiskey

STATE *v.* WESTON.

still. He testified that he had been to Wilmington to see his son who was sick and in a hospital; that he had not been on the path where the tracks were found by the officers, within two or three days; that he had not been to the landing on the creek, where the whiskey was found, within a month. Defendant denied that the whiskey found by the officers was or had ever been in his possession. He testified that he did not own a drop of the whiskey. There was evidence tending to show that defendant's character is bad, especially for handling and dealing in intoxicating liquor. There was no evidence to the contrary.

There was no direct evidence that the fresh tracks on defendant's premises, or on the path leading from his premises to the landing at the creek, or at the stills, across the creek, were made by defendant; that these tracks were made by defendant, while wearing the boots found in his smokehouse, shortly before they were seen by the witnesses is, however, a reasonable inference from the facts and circumstances which the jury might well find from the evidence and is altogether consistent with these facts and circumstances; whether or not such inference should be drawn, as a matter of fact, from all the evidence, was for the jury. It cannot be held, as a matter of law, that the inference could not reasonably be drawn by the jury for that such inference was not altogether consistent with the facts and circumstances established by the evidence.

There was no direct evidence that defendant, at any time, had had the whiskey found by the officers at or near the landing on the creek, in his possession, either actual or constructive; if, however, the jury should find from all the evidence that the tracks on the path leading from defendant's premises to the landing, were made by defendant, shortly before the whiskey was found, the further fact that the whiskey had been, shortly before it was found, in the actual possession or when it was found, was in the constructive possession of defendant, was an inference which could be reasonably drawn from all the evidence by the jury. It cannot be held, as a matter of law, that such inference was unreasonable, and merely a conjecture, or that the evidence raised no more than a strong suspicion of the existence of the essential fact involved in the issue to be determined by the jury.

It is admittedly difficult to formulate a rule, or to state the principle upon which a rule may be formulated, for the decision of the question presented by this appeal. Where there is no direct evidence as to the essential fact involved in the issue to be passed upon by the jury, such fact may nevertheless be inferred by the jury from facts and circumstances which they may find from the evidence. Where such inference may be reasonably drawn by the jury, and is altogether consistent with the facts and circumstances which the jury may find from the evidence,

the evidence should be submitted to them; where the inference cannot be thus reasonably drawn, it should be withdrawn from the jury. The question as to whether the inference may be reasonably drawn by the jury from all the evidence, must in the first instance be decided by the trial court, as a matter of law; from its decision, adverse to the defendant in a criminal action, defendant may appeal to this Court. On such appeal, it becomes the duty of this Court, in the exercise of its appellate jurisdiction, to review the decision, and to determine whether or not, there was error as a matter of law or legal inference in such decision.

On an appeal to this Court, from a judgment in a criminal action on a verdict of guilty, where the decision of the trial court, resulting in the submission of the evidence to the jury, subject to an exception by the defendant, is assigned as error, as said by *Brogden, J.,* in *S. v. Montague,* 195 N. C., 20, "the whole matter resolves itself into an interpretation of the record. As to this, different minds will make different conclusions." There is, therefore, always room for much, and frequently for wide difference of opinion as to whether the evidence in the case, where merely circumstantial, was sufficient, as a matter of law, to be submitted to the jury. But as said by *Adams, J.,* in his dissenting opinion in the *Montague case,* "Not only is circumstantial evidence an accepted instrumentality in the ascertainment of truth, it is essential to the administration of justice." In *S. v. Sigmon,* 190 N. C., 684, 130 S. E., 854, we held that the evidence, although circumstantial, was sufficient, and that there was no error in the refusal of the court to sustain defendant's motion for judgment as of nonsuit. In *S. v. Swinson,* 196 N. C., 100, we were of the opinion that the evidence was not sufficient, as a matter of law, for submission to the jury; we, therefore, reversed the judgment on a verdict which was supported only by circumstantial evidence. In that case, it is said that when the essential fact in controversy in the trial of a criminal action can be established only by an inference from other facts, there must be evidence tending to establish these facts. Evidence which leaves the facts from which the inference as to the essential fact must be made a matter of conjecture and speculation, is not sufficient, and should not be submitted to the jury. *S. v. Prince,* 182 N. C., 788, 108 S. E., 330, and *S. v. Vinson,* 63 N. C., 335. However, where there is sufficient evidence from which the jury may find the facts and circumstances, from which the inference as to the essential fact must be made, and the inference is reasonable, and consistent with such facts and circumstances, and the essential fact is not left to mere conjecture and speculation, the evidence should be submitted to the jury. A full and lucid statement of the law, with respect to this matter, may be found in the opinion of *Brown,*

*J.,* in *S. v. Plyler,* 153 N. C., 630, 69 S. E., 269, cited and approved by *Clarkson, J.,* in *S. v. Lawrence,* 196 N. C., 562.

In the instant case, although the evidence is wholly circumstantial, we are of the opinion that the essential facts, involved in the issue to be determined by the jury, could be reasonably inferred from the facts which the jury could well find from the evidence. Therefore, we find no error in the refusal of the court to allow defendant's motion for judgment as of nonsuit, under C. S., 4643. See *S. v. Meyers,* 190 N. C., 239, 129 S. E., ·606. The judgment is affirmed.

No error.