## STATE v. MARVIN HANFORD.

(Filed 5 January, 1938.)

1. **Intoxicating Liquor § 9c—Evidence that liquor was found in defendant's home in room rented to third person held insufficient for jury.**

   Evidence that fifteen gallons of intoxicating liquor were found in defendant's home in a room rented by defendant to a third person, without evidence that defendant had any control over the whiskey in the room or knew that it was there is insufficient to be submitted to the jury on a charge of having possession of intoxicating liquor for the purpose of sale, and the action is remanded for judgment as of nonsuit. C. S., 4643.

2. **Constitutional Law § 14: Criminal Law § 43—Evidence of result of search of premises embraced in warrant before alteration is competent.**

   Where an officer alters a search warrant by inserting another name in addition to the name appearing in the warrant when issued, but searches only the room rented by the person whose name originally appeared in the warrant, the search does not exceed the authority under the valid warrant, and evidence of the results of such search is competent. Ch. 339, sec. 6½, Public Laws of 1937.

APPEAL by defendant from *Sink, J.,* at October Special Term, 1937, of ALAMANCE. Reversed.

The defendant was tried at the October Special Term, 1937, of the Superior Court of Alamance County on a criminal warrant which was issued by a justice of the peace of said county on a duly verified complaint that "on or about 3 July, 1937, Marvin Hanford willfully and feloniously did have in his possession, illegally, fifteen (15) gallons of intoxicating liquor for the purpose of sale, contrary to the form of the statute and against the peace and dignity of the State."

He was first tried and convicted on said warrant in the general county court of Alamance County. He appealed from the judgment of the general county court to the Superior Court of Alamance County, in which court the action was tried *de novo,* as provided by statute.

At the close of the evidence for the State, the defendant moved for judgment dismissing the action as of nonsuit. The motion was denied, and defendant excepted. No evidence was introduced by the defendant.

The evidence was submitted to the jury, who returned a verdict that the defendant is "guilty of having whiskey in his possession for the purpose of sale."

From judgment on the verdict the defendant appealed to the Supreme Court, assigning errors in the trial and in the judgment.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*John J. Henderson for defendant.*

CONNOR, J.   On 3 July, 1937, on the complaint of a police officer of
Alamance County, which was duly verified, a justice of the peace of
said county issued a search warrant by which the said officer was author-
ized to search the premises of one Lacey Scott, located on a public road,
near the town of Burlington, in said county, for intoxicating liquor
alleged to be in the possession of the said Lacey Scott on said premises.
After the said warrant had been issued, and before it was served, the
officer, without notice to the justice of the peace and without his author-
ity, inserted in both the complaint and the warrant the name of the
defendant Marvin Hanford.   The name of Lacey Scott, which appeared
in the complaint and in the warrant when the warrant was issued by
the justice of the peace, was not erased from either the complaint or the
warrant.

The officer went to the home of the defendant Marvin Hanford, and
after advising him and Lacey Scott, both of whom were at defendant's
home, that he had the warrant, authorizing him to search their premises,
the officer proceeded to search the house of the defendant Marvin Han-
ford, and a room in said house, which was occupied by Lacey Scott.

In a back room in defendant's house the officer found fifteen gallons
of whiskey and twenty empty cases.   This room was occupied by Lacey
Scott, to whom the defendant Marvin Hanford had rented the room.
The doors to the room were closed, but were not locked, at the time of
the search.   Both Lacey Scott and the defendant Marvin Hanford told
the officer that the whiskey was the property of Lacey Scott.   There was
no evidence tending to show that the defendant Marvin Hanford had any
control over the whiskey found in Lacey Scott's room, or that he knew
that the whiskey was in the room.   In the absence of such evidence,
there was error in the refusal of the court to allow defendant's motion
for judgment dismissing the action as of nonsuit.

There was no evidence tending to show that the officer searched the
premises of the defendant Marvin Hanford, under the search warrant
in his possession at the time he went to defendant's home.   He searched
only the premises of Lacey Scott, as he was authorized to do under a
valid search warrant.   The evidence tending to show the results of such
search was not incompetent under the provisions of section 6½ of
chapter 339, Public Laws of North Carolina, 1937.   The evidence was
competent, but not sufficient to show that the whiskey found in the room
which the defendant had rented to Lacey Scott was in the possession of
the defendant.

The action is remanded to the Superior Court of Alamance County
for judgment in accordance with this opinion.   C. S., 4643.   The
judgment is

Reversed.