STATE v. VANCE MEDLIN.

(Filed 20 April, 1949.)

**Criminal Law § 52 (3): Intoxicating Liquor § 9d—**

Circumstantial evidence disclosing that tools and materials appropriate for the construction of a still were found in defendant's barn, that a beaten path led from his house to the edge of the woods where a newly constructed still, with like material, was found, and that fermenting mash was found about 300 yards from his house, with vehicle tracks leading therefrom to the still, *is held* sufficient to be submitted to the jury upon a charge of unlawful possession of material and equipment for the manufacture of whiskey.

DEFENDANT's appeal from *Harris, J.,* December Criminal Term, 1948, WAKE Superior Court.

The defendant was tried in the recorder's court of Wake County on a warrant charging him with unlawful possession of material and equipment for the manufacture of whiskey and, upon conviction, appealed to the Superior Court where the case was heard *de novo.* He was again found guilty and from the judgment on the verdict appeals to this Court.

Only one exception is presented on the appeal: Whether the evidence was legally sufficient to go to the jury over defendant's demurrer and motion for judgment as of nonsuit.

The evidence, which upon demurrer must be taken to be true, tends to show as follows:

The officers engaged in a search of defendant's premises found in his barn, or stable, the following: A pair of tin snips, a soldering iron, a

STATE *v.* MEDLIN.

blow torch used to heat the soldering iron, wire solder and gasoline. There were bits of copper adhering to the blade and screw part of the snippers. The solder was about the size of a pencil and rolled on a spool. Searching the barn, the officers found a beaten path which led from it to a still about 125 or 150 yards from the house in the edge of the woods. A witness testified that no other path ran from the still to Medlin's crib. The still was brand new, as yet unused, made of copper, the seams soldered together with new solder. At the still were also found spools of solder wire bearing the same trademark and the same make as found in defendant's barn.

At another place about 250 or 300 yards from Medlin's house the officers found peach mash fermenting but not quite ready for distillation. The wagon path leading from the highway about 50 yards from Medlin's house reaches this spot. There were vehicle tracks leading up to the still. Medlin does not own a car but does own a woodsaw outfit on which stuff may be hauled.

The evidence disclosed that a number of other persons lived in the vicinity and owned and cultivated lands; and witnesses stated they did not know who owned the land on which the still was located.

This evidence was submitted to the jury over defendant's demurrer and exception and resulted, as stated, in a verdict of guilty.

The defendant made formal motion to set the verdict aside for error in the trial, which was declined, and as above stated, he objected to the ensuing judgment, excepted and appealed.

*Attorney-General McMullan and Assistant Attorney-General Moody, and Forrest H. Shuford, II, Member of Staff, for the State.*

*W. H. Yarborough for defendant, appellant.*

SEAWELL, J. Those who engage in the unlawful act of manufacturing intoxicating liquors do not set up signs with index fingers pointing to the location of the still, or mash, or products of distillation. Almost always, unless the party is found in the act, conviction depends in large measure on circumstantial evidence; and for that reason each case is *sui generis.* We need not expect to pull out of the card index cases exactly on all fours with that under review. However, examination of the following cases which deal with comparable circumstances will, we think, fully sustain the conclusion reached by the court below that the evidence in the instant case should go to the jury. *S. v. Crouse,* 182 N.C. 835, 108 S.E. 911; *S. v. Clark,* 183 N.C. 733, 110 S.E. 641; *S. v. Meyers,* 190 N.C. 239, 129 S.E. 600; *S. v. Weston,* 197 N.C. 25, 147 S.E. 618. The tools and materials found in the defendant's barn or crib, the snips with the adhering shreds of copper, the solder and rolls similar to

those found at the still, the freshly soldered seams of the newly made still found at the end of the path leading from the crib to the still, the nearby presence of the peach mash,—all these are circumstances, some of them novel, which in their combination generate inferences of the defendant's guilt,—strong or weak it is not our province to say,—which were properly left to the jury. *S. v. Massengill,* 228 N.C. 612; *S. v. Davenport,* 227 N.C. 475, 42 S.E. 2d 686; *S. v. Gentry,* 228 N.C. 643, 648.

We find no error in the trial.

No error.