STATE v. BURT GRAINGER.

(Filed 2 December, 1953.)

**1. Intoxicating Liquor § 9d—**

Evidence tending to show that defendant is a married woman and was living in a house with a man, and that nontax-paid liquor was found 30 or 45 yards from the house, is insufficient to be submitted to the jury in a prosecution for unlawful possession of the nontax-paid liquor and possession of such liquor for sale, even though such liquor was in the constructive possession of the occupants of the house, since the evidence leaves in speculation whether defendant or the other occupant of the house was in possession of the liquor.

**2. Criminal Law § 52a (3)—**

A defendant may not be convicted of an offense upon proof of facts consistent with guilt, but the circumstances must be inconsistent with his innocence.

APPEAL by defendant from *Burney, J.,* September Term, 1953, of COLUMBUS.

The defendant was tried and convicted in the Recorder's Court of Columbus County upon a warrant charging her with the unlawful possession of nontax-paid intoxicating liquor and of having such liquor for the purpose of sale. From the judgment imposed the defendant appealed to the Superior Court where she was tried *de novo* upon the original warrant.

The evidence tends to show the following facts:

1. That on 11 April, 1953, the defendant, Burt Grainger, was living in a house on a dirt road about a mile and a half from Tabor City and about two or three hundred yards from the hard surfaced highway. Three families lived on this neighborhood road. The dirt road in front of defendant's house is approximately fifteen feet wide. The house is located about fifteen or sixteen feet from the road. The nearest dwelling house to that of defendant is located about one hundred to one hundred and fifty yards away.

2. That on the above date two deputies sheriff of Columbus County went to the home of the defendant armed with a search warrant. No one

was at the house but defendant and two small girls. The officers searched the house and found eight or ten fruit jar cases in the house. There were cases for pints, quarts and half-gallon jars. There were jars in some of them. Some of the empty cases were found in a bedroom; one or two cases contained canned fruit and possibly some string beans. No whiskey was found in the house nor upon her side of the road.

3. The officers then went outside the house and followed a path that led across the road to a toilet and found two pint jars containing nontax-paid whiskey about two or three feet from the path and about four or five feet from the road. The officers then followed a path or paths that led from the road into a wooded area and found fourteen half-gallon fruit jars of intoxicating nontax-paid liquor. These jars were found about thirty to forty-five yards from the defendant's house; that when defendant was told about the liquor she said she didn't know whose it was.

4. The officers testified that they did not know at the time they searched the defendant's home that she was married; that they did see a marriage certificate later and that a man was living in the house at the time the search was made but was not present at the time.

From a verdict of guilty on both counts and the judgment imposed thereon, the defendant appeals and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*
*Irvin B. Tucker, Jr., for defendant, appellant.*

DENNY, J. The sole exception and assignment of error is to the refusal of the court below to sustain her motion for judgment as of nonsuit.

The evidence does not disclose who owned the premises where the liquor was found as it did in *S. v. Meyers,* 190 N.C. 239, 129 S.E. 600. Neither does it show that the defendant had been seen in the area across the road from her home where the liquor was found as was the case in *S. v. Shinn, ante,* 535, 78 S.E. 2d 388. The evidence with respect to the location of the privy or toilet tends to show, however, that the area upon which it was located was in the possession of the occupants of the home. Even so, the facts here are distinguishable from those in *S. v. Medlin,* 230 N.C. 302, 52 S.E. 2d 875; *S. v. Weston,* 197 N.C. 25, 147 S.E. 618; *S. v. Clark,* 183 N.C. 733, 110 S.E. 641; and *S. v. Crouse,* 182 N.C. 835, 108 S.E. 911, cited and relied upon by the State.

The State's evidence tends to show that the defendant was married and living with her husband, or at least that a man was living in the home at the time the whiskey was discovered. Did the whiskey belong to the defendant or to this man, whoever he was? Doubtless, the officers had a reason for charging the defendant with the possession of the whiskey but

the evidence presented for our review does not disclose it. Therefore, on this record we do not think the evidence goes any further than to raise a suspicion or conjecture with respect to the defendant's guilt. *S. v. Prince,* 182 N.C. 788, 108 S.E. 330. "The guilt of a person charged with the commission of a crime is not to be inferred merely from facts consistent with his guilt. They must be inconsistent with his innocence." *S. v. Webb,* 233 N.C. 382, 64 S.E. 2d 268.

The judgment of the court below is

Reversed.