## STATE v. CLYDE HARRISON.

(Filed 17 March, 1954.)

**1. Intoxicating Liquor § 9d—**

The State's evidence that one quart of nontax-paid liquor was found in defendant's home is sufficient alone to carry the case to the jury in a prosecution for the unlawful possession of nontax-paid whiskey, G.S. 18-48, notwithstanding defendant's evidence that another occupied the room and that such other claimed the liquor, since defendant's evidence on a matter of defense is not considered on motion to nonsuit.

**2. Criminal Law § 52a (1)—**

Evidence offered by defendant as a matter of defense is properly disregarded in passing upon defendant's motion for involuntary nonsuit.

**3. Constitutional Law § 19a—**

The constitutional guaranties of freedom from unreasonable search and seizure relate to a person's dwelling and other buildings within the curtilage but do not apply to open fields, orchards or other lands not an immediate part of the dwelling site.

**4. Searches and Seizures § 1: Criminal Law § 43—**

Evidence of the finding of nontax-paid liquor near defendant's premises but actually on the land of another is not rendered incompetent because not discovered under authority of a search warrant, since a warrant is not necessary for its seizure. G.S. 15-27.

**5. Intoxicating Liquor § 9c—**

Evidence of the finding of nontax-paid liquor on the land of another but within 15 feet of a path which led from defendant's home, with no other paths intersecting or joining it, is competent evidence of defendant's constructive possession of such liquor, even though it is insufficient to make out a *prima facie* case, its weight and credibility being for the jury.

**6. Criminal Law § 77c: Appeal and Error § 38—**

Where the charge of the court is not included in the case on appeal, it will be presumed that it is free from error.

**7. Searches and Seizures § 1: Intoxicating Liquor § 9c—**

Testimony of officers that while looking through a window of defendant's house on their way to serve a search warrant, they heard and saw incriminating matter, *held* not incompetent merely because the information was obtained before serving the warrant.

APPEAL by defendant from *Paul, Special Judge,* October Term, 1953, of EDGECOMBE.

The defendant was originally tried and convicted in the Recorder's Court of Edgecombe County upon a warrant charging him with the unlawful possession of nontax-paid whiskey. From the sentence imposed he

appealed to the Superior Court of Edgecombe County where he was tried *de novo* on the original warrant.

The State's evidence tends to show that between ten and eleven o'clock on the night of 30 May, 1953, ABC enforcement officers, armed with a search warrant issued by a justice of the peace, went to the home of the defendant in the village of Mildred in Edgecombe County. The officers stayed in the yard of defendant's home ten or fifteen minutes before entering the house. During that time they heard people walking on the front porch and in the house. Then some of the officers entered the house, executed the search warrant and searched the premises, finding approximately one quart of nontax-paid liquor in a chifforobe in one of the bedrooms. They also found two paper cups on a kitchen table, each cup bearing the odor of whiskey. One of the officers made a search outside the house and found a gallon jug of nontax-paid liquor near a barbecue pit used by the defendant. The barbecue pit was located a very short distance from the edge of the defendant's yard and approximately seventy-five yards from the house. A path ran directly from the defendant's house to the barbecue pit and there were no other paths intersecting or joining it; the path went on just a bit beyond or behind the pit and then stopped. The gallon jug was found about fifteen feet from the path and approximately thirty feet behind the barbecue pit.

Before serving the search warrant, one of the officers testified that as a result of a conversation he heard about whiskey, he looked through a window of defendant's house and observed the defendant in the kitchen cutting barbecue and heard a man ask to be served a quarter drink; that the defendant's wife and two or three other men were present; that he saw the defendant's wife leave the room, go in the bedroom where the nontax-paid liquor was later found, return to the kitchen and hand a paper cup to the men who asked for a quarter drink; she went back to the room and came out with another cup which she handed to a man in the kitchen.

The officers frankly admitted that they did not know who owned the premises where the gallon jug of nontax-paid whiskey was found.

The State offered in evidence, over the objection of defendant, the two containers and their contents.

The defendant offered evidence tending to show that he knew nothing about the liquor found on or near his premises; that the liquor found in the house was owned by Clyde Staton and the other liquor found by the officers belonged to Clifford Harrison; that these two young men lived in the defendant's home and occupied the room in which the quart of nontax-paid liquor was found. Clyde Staton testified that the liquor found in his room belonged to him; Clifford Harrison testified that it was his liquor, while both of them testified that the gallon of nontax-paid liquor

found by the officers outside of the defendant's home belonged to Harrison and that it was not found on the premises of the defendant. Staton testified that it was found on the land of Mr. W. G. Clark, while Harrison testified he never brought it on the land of the defendant (who is his brother), but placed it on another man's land about twenty-five feet from the barbecue pit, across a fence. The defendant's wife denied that she handed anybody a quarter drink.

The jury returned a verdict of guilty, and from the judgment pronounced the defendant appeals to the Supreme Court, assigning error.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*Weeks & Muse for defendant, appellant.*

DENNY, J. The only questions raised on this appeal, which in our opinion merit discussion, are these: (1) Was error committed in the court below in refusing to sustain the defendant's motion for judgment as of nonsuit? (2) Did the court err in admitting evidence with respect to the discovery and seizure of the gallon jug, containing nontax-paid whiskey, when the officers admitted they did not know who owned the premises where it was found? (3) Did the court commit error in overruling the defendant's motion to suppress all the evidence as to what was heard or seen after the officers reached the premises of the defendant, but before the search warrant was actually served? In our opinion each one of these questions must be answered in the negative.

The defendant contends that his motion for judgment as of nonsuit was erroneously overruled. We do not concur in this contention. The State's evidence established the undisputed fact that one quart of nontax-paid liquor was found in the home of the defendant. This evidence alone was sufficient to carry the case to the jury. G.S. 18-48; *S. v. Avery,* 236 N.C. 276, 72 S.E. 2d 670.

It is true that Clyde Staton claimed the liquor found in the room occupied by him and Clifford Harrison. The evidence also reveals that Clifford Harrison likewise claimed the ownership of this particular liquor as well as that found near the defendant's barbecue pit. But they were witnesses for the defendant. Neither was any evidence offered on behalf of the State tending to show that Clyde Staton and Clifford Harrison occupied the room in the home of the defendant pursuant to a rental contract as was the case in *S. v. Hanford,* 212 N.C. 746, 194 S.E. 481, upon which the defendant relies. Moreover, in the *Hanford case,* the search warrant only authorized the officer to search the premises of one Lacey Scott who occupied a rented room in the home of the defendant Hanford. His room was searched and fifteen gallons of liquor found. The State

offered no evidence tending to show that the officer searched the premises of the defendant Hanford or that he was authorized to do so. This Court held that the evidence tending to show the result of the search made was not incompetent but was insufficient to show that the whiskey found in the room which the defendant had rented to Lacey Scott was in the possession of the defendant Hanford and ordered a nonsuit as to him.

In the instant case, as pointed out in *S. v. Avery, supra,* the evidence offered by the defendant, as a matter of defense, may not be considered on a motion for judgment as of nonsuit. The defendant's motion was properly overruled.

As to the second question posed, it is provided by statute that "no facts discovered or evidence obtained without a legal search warrant in the course of any search, made under conditions requiring the issuance of a search warrant, shall be competent as evidence in the trial of any action." G.S. 15-27. In the instant case, the officers were armed with a search warrant issued pursuant to the provisions of G.S. 18-13, authorizing and commanding them to search the defendant's "dwelling, garage, filling station, barns, and outhouses, and premises, . . . Seizing all intoxicating liquors, containers, and other articles used in carrying on the illegal handling of intoxicating liquors."

The defendant contends, however, that since the State failed to offer evidence tending to show that the gallon of nontax-paid liquor was found on his premises, the facts relating to its discovery and seizure, as well as the container and its contents, should have been excluded upon his objection which was duly and timely made.

It seems to be generally held that the constitutional guaranties of freedom from unreasonable search and seizure, applicable to one's home, refer to his dwelling and other buildings within the curtilage but do not apply to open fields, orchards, or other lands not an immediate part of the dwelling site. Machen, *The Law of Search and Seizure,* page 95 (citing *Hester v. United States,* 265 U.S. 57, 44 Sup. Ct. 445, 68 L. Ed. 898); Cornelius, *Search and Seizure,* Second Edition, page 49; 48 C.J.S., Intoxicating Liquors, section 394, page 630, *et seq.;* 30 Am. Jur., Intoxicating Liquors, section 528, page 529; Anno. 74 A.L.R. 1454, where numerous cases on this point are collected, among them being: *Simmons v. Commonwealth,* 210 Ky. 33, 275 S.W. 369; *S. v. Cobb,* 309 Mo. 89, 273 S.W. 736; *Penney v. State,* 35 Okla. Crim. Rep. 151, 249 P. 167; *Sheffield v. State,* 118 Tex. Crim. Rep. 329, 37 S.W. 2d 1038; *Field v. State,* 108 Tex. Crim. Rep. 112, 299 S.W. 258. So, if it be conceded that the gallon of nontax-paid liquor involved in the present case was found near the premises of the defendant but actually on the land of another and not within the curtilage of the dwelling of the owner thereof, a search

warrant was not necessary for its seizure and the admissibility of evidence with respect thereto.

The facts and circumstances incident to the discovery and seizure of the gallon of nontax-paid liquor, together with the uncertainty as to whether it was actually found on the premises of the defendant, or within a few yards thereof, went to its weight and credibility but not to its admissibility.

The possession of nontax-paid liquor in any quantity, in this State, is unlawful. G.S. 18-48; *S. v. Barnhardt,* 230 N.C. 223, 52 S.E. 2d 904. Therefore, if the State had offered evidence to the effect that the gallon of nontax-paid liquor had been found on the premises of the defendant, such evidence would have made out a *prima facie* case had no other nontax-paid liquor been found on the defendant's premises. *S. v. Camel,* 230 N.C. 426, 53 S.E. 2d 313; *S. v. Medlin,* 230 N.C. 302, 52 S.E. 2d 875; *S. v. Weston,* 197 N.C. 25, 147 S.E. 618; *S. v. Meyers,* 190 N.C. 239, 129 S.E. 600; *S. v. Crouse,* 182 N.C. 835, 108 S.E. 911. But, the evidence of the State being uncertain in that respect, no *prima facie* case was made out by the evidence as to its discovery and seizure. Even so, a path led from the defendant's home to within fifteen feet from where the gallon of nontax-paid liquor was found and there were no other paths intersecting or joining it. Consequently, under these circumstances we think the evidence was admissible on the question of possession. *S. v. Crouse, supra.* Possession in such cases is not required to be actual, but may be constructive. *S. v. Parker,* 234 N.C. 236, 66 S.E. 2d 907; *S. v. Weston, supra; S. v. Meyers, supra; S. v. Ross,* 168 N.C. 130, 83 S.E. 307; *S. v. Lee,* 164 N.C. 533, 80 S.E. 405.

The charge is not included in the case on appeal. It is, therefore, presumed to be free from error and that the jury was properly instructed as to the law arising upon the evidence as required by statute. G.S. 1-180; *S. v. Weston, supra.*

The defendant excepts and assigns as error the failure of the court to suppress all the evidence as to what the officers saw and heard after they reached the defendant's premises but before the search warrant was served.

While we do not approve of officers peeping through a window in a private dwelling in an effort to obtain additional evidence before serving a search warrant which had theretofore been issued for the express purpose of searching such premises, nevertheless, evidence as to what an officer, armed with a search warrant, saw or heard after entering upon such premises and before serving the warrant, if such evidence is otherwise admissible, may not be excluded merely because the officer obtained such information before serving the warrant. This assignment of error is without sufficient merit to justify a new trial.

We have carefully considered the remaining exceptions and in our opinion the verdict and judgment of the court below should be upheld.

No error.