STATE *v.* WILLIAMS.

*Charles L. Abernethy, Jr., for defendant, appellant.*

---

### STATE v. WILLIE WILLIAMS.

(Filed 18 September, 1957.)

**1. Intoxicating Liquor § 9d—**

Evidence that officers found whiskey in defendant's home in a container not having the requisite tax stamps on it, is sufficient to be submitted to the jury on the charge of unlawful possession of nontax-paid whiskey for the purpose of sale.

**2. Searches and Seizures § 4—**

Evidence tending to show that the officer read the search warrant to the defendant as soon as he could do so in the light of defendant's conduct, and thereafter proceeded to examine the premises, fails to disclose illegal search.

CERTIORARI allowed upon petition of defendant to review the proceeding in the Superior Court, presided over by *Frizzelle, J.,* January Term 1957, of CRAVEN.

This defendant was originally tried in the Recorder's Court of the City of New Bern on 12 July 1956 upon a warrant dated 11 June 1956 charging him with the unlawful possession of one-half gallon of nontax-paid whiskey for the purpose of sale. Verdict: guilty. Judgment was imposed and the defendant appealed therefrom to the Superior Court of Craven County.

In the Superior Court the defendant was tried upon the original warrant at the January Term 1957. The evidence discloses that two officers of the City of New Bern, clothed with a search warrant, went to the home of the defendant on 11 June 1956 for the purpose of searching for illegal whiskey. The defendant was at the back door of his kitchen and when informed by one of the officers that he had a search warrant, the defendant ran into an adjoining room and grabbed a fruit jar from a table and threw it down on a cot and most of its contents ran out on the cot. The officer testified that he saw the jar before the defendant grabbed it and that it was approximately full. The officer then read the search warrant to the defendant and thereafter proceeded to examine

the fruit jar which was not broken and still contained a small quantity of nontax-paid whiskey. The jar had no State or Federal stamps on it. The defendant denied that the whiskey belonged to him. The jury returned a verdict of guilty. From the judgment entered on the verdict the defendant appeals to the Supreme Court, assigning error.

*Attorney-General Patton and Assistant Attorney-General Moody for the State.*

*Charles L. Abernethy, Jr., for defendant appellee.*

PER CURIAM. The defendant's exception to the refusal of the court below to sustain his motion for judgment as of nonsuit is without merit.

The fact that nontax-paid whiskey was found in the home of the defendant was sufficient to take the case to the jury. *S. v. Harrison,* 239 N.C. 659, 80 S.E. 2d 481.

It appears that the search warrant was read to the defendant as soon as the officer could do so in light of the defendant's conduct. The defendant's contentions otherwise are not supported by the record.

In the trial below we find

No error.