STATE v. JOHN MUSE.

(Filed 25 May, 1949.)

**1. Criminal Law § 79—**

Exceptions not brought forward in appellant's brief or in support of which no reason or argument is stated or authority cited, are deemed abandoned. Rule of Practice in the Supreme Court, No. 28.

**2. Criminal Law § 81c (3)—**

Admission of evidence over objection becomes harmless when evidence of similar import is admitted without objection.

**3. Same—**

Where the answer negatives any harmful effect of an improper question the matter cannot be held prejudicial.

**4.. Criminal Law § 53d—**

Objection to the charge on the ground that in stating the contentions the court in effect gave the State's evidence of bad character the weight of substantive proof, is untenable when it appears that the court specifically charged the jury that such evidence should be considered only upon the question of the credibility of the defendant as a witness in his own behalf.

**5. Criminal Law § 78e (1)—**

An exception for the failure of the court to comply with the provisions of G.S. 1-180 must be supported by a proper assignment of error on this ground.

**6. Criminal Law § 53j—**

The failure of the court to charge that the testimony of a witness, an alleged accomplice, should be scrutinized closely and accepted with care, will not be held for prejudicial error in the absence of a special request for instructions, since the matter relates to a subordinate rather than a substantial feature of the case.

APPEAL by defendant from *Burney, J.,* at January-February Term, 1949, of ROBESON.

Criminal prosecution upon a bill of indictment charging that on 31 December, 1948, defendant "did unlawfully and willfully have in his possession for the purpose of sale and did unlawfully and willfully . . . sell 2 one-half pints of tax-paid intoxicating whiskey against the form of the statute," etc.

Upon the trial in Superior Court the State offered evidence tending to support the charge,—the witness L. G. McGill testifying to an actual sale to him by defendant of two half pints of tax-paid intoxicating whiskey on the night of 31 December, 1948. The State also offered evidence tending to corroborate the testimony of McGill. On the other hand, defendant, testifying as a witness for himself, denied that he had sold any whiskey to L. G. McGill on 31 December, 1948, or at any other time, and offered testimony of others tending to corroborate his testimony and to contradict the evidence offered by the State.

Further recital of the evidence is unnecessary, since no question as to the sufficiency of the evidence to take the case to the jury is raised on this appeal.

Verdict: Guilty as charged in the bill of indictment.

Judgment: Imprisonment in the common jail of Robeson County and assigned to work under the supervision of the State Highway and Public Works Commission for a term of 12 months.

Defendant appeals therefrom to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Moody and John R. Jordan, Jr., Member of Staff, for the State.*

*McLean & Stacy and Nance & Barrington for defendant, appellant.*

STATE *v.* MUSE.

WINBORNE, J. While in the record on this appeal defendant sets out thirty-nine assignments of error covering forty-five exceptions, he adverts in his brief to only seven of them. Those exceptions in the record not brought forward in his brief or in support of which no reason or argument is stated or authorities cited, are taken to be abandoned by him. Rule 28 of the Rules of Practice in the Supreme Court of North Carolina, 221 N.C. 544.

But as to the exceptions which are not so deemed abandoned on this appeal, prejudicial error is not made to appear. We treat them *seriatim.*

I. Exception No. 21 has this setting: On the cross-examination of defendant he was asked these questions, to which he gave answers indicated: "Q. You have any initials? A. You all put it Cadillac, that is not my name. Q. Do you have an initial? A. J. W. Muse. Q. Do you have a Cadillac? A. Yes, 1948. Q. Paid $4,000 for it?" Objection by defendant—overruled. Defendant excepts. "A. I wouldn't say it is paid for even." In this connection the record discloses that one witness for the State and two for defendant had referred previously to defendant's Cadillac automobile. The first State's witness, L. G. McGill, in describing the defendant's place of business and its surroundings at the time he says he went there for the alleged purchase of whiskey, testified: "His Cadillac automobile was sitting out in front,—his place doesn't have any gas at it." And one of defendant's witnesses testified: "I was there when the Cadillac was out at the side of the building,—it sits there a big part of the time." And the other, referring to defendant, testified, "John and I go fishing in that Cadillac." These statements having been admitted in evidence without objection, it would seem that the reference to the Cadillac in the questions and answers quoted above would be harmless. And defendant's answer to the question as to what he paid for the Cadillac negatives any harmful effect of the question.

II. Exceptions 31 and 32 are directed to portions of the charge of the jury in which the court was stating contentions of the State upon the evidence offered. Defendant complains that in stating these contentions the court so emphasized the State's contention that defendant had been previously convicted of selling intoxicating liquors as to give it, in the minds of the jury, the weight of substantive evidence when defendant had not put his character in issue.

In this connection it is noted that defendant testified on direct examination, "I used to sell whiskey; the last whiskey I sold I pulled time for it; it has been 20 years or over. It was in 1927 or '28." And on cross-examination, he stated further: "I served time in 1927 or '28 for selling liquor; I served nine months." And the State in rebuttal offered evidence tending to show that the general reputation of defendant is bad for selling whiskey.

In reference to this evidence the court instructed the jury that while defendant had gone upon the witness stand, he had not put his character in issue, and that, hence, evidence of his bad character was to be considered by the jury only as affecting his credibility as a witness in the case and not as substantive evidence, that is, evidence bearing upon his guilt or innocence. In the light of this instruction taken in connection with the statement of the contention to which exceptions Nos. 31 and 32 relate, it seems clear that the jury could not have misunderstood the recitation of the State's contentions based on the evidence. Indeed, no undue emphasis is made to appear.

III. Exceptions Nos. 28 and 40 relate to portions of the charge as given. The vice assigned is (1) failure of the court to charge the jury that the testimony of the witness McGill, an alleged accomplice, should be scrutinized closely and accepted with care and caution, and (2) presentation of evidence by the court to the jury in a way to strongly fortify same.

It is argued that in these respects the court failed to comply with provisions of G.S. 1-180 which require that the judge in his charge to the jury "shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon." But it is noted that the record contains no assignment of error based on exception to the failure of the court to charge. Hence the question of failure to comply with provisions of G.S. 1-180 is not presented.

However, it is contended by defendant that it was the duty of the court to instruct the jury on substantive features of the case arising on the evidence, even in the absence of a request for special instruction. This is a correct statement of the rule in cases to which it is applicable. *Spencer v. Brown,* 214 N.C. 114, 198 S.E. 630. But it is not applicable to the matter here under consideration.

It is well settled in decisions of this Court that an instruction to the jury to scrutinize the testimony of a witness, an alleged accomplice, is a subordinate rather than a substantial feature of the charge, and, hence, in absence of special request therefor, the failure of the trial judge to so instruct "will not generally be held for reversible error." *S. v. Wallace,* 203 N.C. 284, 165 S.E. 716, and cases cited.

IV. Exceptions 43 and 44 relate to the refusal of the court to set aside the verdict, and to grant to defendant a new trial. These are formal and require no special treatment.

As here indicated error is not made to appear on this appeal.

No error.