STATE v. VIRGINIA P. AVERY AND WILLIE PEACOCK.

(Filed 8 October, 1952.)

**1. Criminal Law § 79—**

Exceptive assignments of error not brought forward and discussed in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Intoxicating Liquor § 4a—**

The possession anywhere in this State of any quantity of liquor upon which the Federal and State taxes have not been paid is, without exception, unlawful. G.S. 18-48.

**3. Intoxicating Liquor § 9d—**

Evidence to the effect that defendant had the reputation of dispensing liquor, that when the officers attempted to search his premises defendant objected, tried to get between the officers and the whiskey, and that the officers found about a pint of nontax-paid liquor in his home and a quan-

tity of fruit jars at the back door, *is held* sufficient to overrule defendant's motion to nonsuit in a prosecution for unlawful possession of intoxicating liquor.

**4. Same—**

Testimony of defendant that his wife had rented the premises and that the liquor found therein belonged to her, relates to matters in defense and should not be considered on motion to nonsuit.

**5. Criminal Law § 52a (1)—**

Defendant's evidence relating to matters in defense should not be considered on motion to nonsuit.   G.S. 15-173.

**6. Intoxicating Liquor § 4c:  Criminal Law § 8b—**

If a wife keeps liquor in the home with the knowledge and consent of the husband, the liquor is in his possession within the meaning of the law, even though she has actual custody, since one who aids, abets, or assists another in the commission of a misdemeanor is guilty as a principal.

**7. Intoxicating Liquor § 2—**

The Turlington Act is the law in this State except in so far as it is modified or repealed by the Alcoholic Beverage Control Act, and the two statutes must be construed *in pari materia* as constituting the law in this State as relating to the purchase, possession and sale of intoxicating liquor.

**8. Intoxicating Liquor § 9a—**

Allegations in a warrant or indictment that taxes had not been paid on liquor seized in defendant's home is merely descriptive and does not limit the prosecution to any particular section of the liquor law, but merely renders it unnecessary to prove possession of any particular quantity.

**9. Indictment and Warrant § 8—**

Where the indictment in one count clearly charges two separate and distinct offenses and defendant is acquitted by a verdict of the jury as to one of them, his motion in arrest of judgment for duplicity cannot be allowed.   G.S. 15-153.

**10. Same:  Criminal Law § 56—**

Objection to the warrant on account of duplicity must be entered before verdict, and a motion in arrest of judgment on this ground after verdict comes too late.

**11. Criminal Law § 77b—**

Counsel must observe the rules of court in regard to the order, form, and proper indexing of the record if they desire consideration to be given their appeals.

APPEAL by defendant Peacock from *Harris, J.,* March Term, 1952, JOHNSTON.   No error.

Criminal prosecution under a warrant charging (1) the unlawful possession of nontax-paid liquor, and (2) the unlawful possession of nontax-paid liquor for the purpose of sale.

On 12 January 1952, officers of Johnston County procured a search warrant and at about 9:30 p.m. went to the home of defendant to search his premises for liquor. They found fifty to one hundred persons around the house and 150 to 200 at a nearby filling station operated by the *feme* defendant's brother. Some of those around the house were "highly intoxicated." Defendant came up and "started hollering 'you have got to read the search warrant before you enter.'" The officers went in the kitchen. They found a half-gallon jar containing about one pint of nontax-paid liquor between the stove and table. Defendant went in ahead of the officers and tried to get between them and the whiskey.

The officers also found about a "dump body load" of one-half gallon fruit jars right at the back door. They were just like the one on the inside. There was evidence also that defendant has a bad reputation for selling whiskey.

The defendant offered evidence tending to show that the whiskey belonged to the *feme* defendant, that she was using it under the direction of a physician, and that he did not know the whiskey was in the house.

The jury returned a verdict of guilty of the unlawful possession of nontax-paid liquor and not guilty on the second count charging possession for the purpose of sale. The court pronounced judgment on the verdict and defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Robert L. Emanuel, Member of Staff, for the State.*

*C. J. Gates and M. E. Johnson for defendant appellant Peacock.*

BARNHILL, J. The record contains eleven exceptive assignments of error. Only one of these, to wit, the exception to the refusal of the court to dismiss under G.S. 15-173, is brought forward and discussed in defendant's brief. The others are deemed to be abandoned. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 562; *S. v. Jones,* 227 N.C. 94, 40 S.E. 2d 700; *S. v. Muse,* 230 N.C. 495, 53 S.E. 2d 529.

The demurrer to the evidence and motion to dismiss under G.S. 15-173 is untenable. The possession of any quantity of liquor upon which the Federal and State taxes have not been paid is, without exception, unlawful. G.S. 18-48; *S. v. Barnhardt,* 230 N.C. 223, 52 S.E. 2d 904; *S. v. McNeill,* 225 N.C. 560, 35 S.E. 2d 629.

Nontax-paid liquor was found in defendant's home. A large number of people were gathered around his house. Some of them were intoxicated. A "dump body load" of one-half gallon jars was found just outside

his house. His conduct toward the officers making the search tended to show guilty knowledge. He bears the reputation of being a dispenser of liquor. These and other circumstances disclosed by the testimony constitute more than a scintilla of evidence and made out a case for the jury.

That the house was rented by the *feme* defendant, and the liquor was owned by her were matters offered in defense. They were not to be considered on the motion to dismiss.

Furthermore, that the liquor belonged to the *feme* defendant, if such be the fact, does not necessarily exculpate the defendant. He is the head of his household. If his wife kept liquor in his home with his knowledge and consent, it was in his possession within the meaning of the law even though actual custody was in the wife, *S. v. Meyers,* 190 N.C. 239, 129 S.E. 600; *S. v. Pierce,* 192 N.C. 766, 136 S.E. 121, for it is axiomatic that one who aids, abets, or assists another in the commission of a misdemeanor is guilty as a principal. *S. v. Ward,* 222 N.C. 316, 22 S.E. 2d 922; *S. v. Jarrett,* 189 N.C. 516, 127 S.E. 590; *S. v. Jenkins,* 234 N.C. 112, 66 S.E. 2d 819; *S. v. Parker,* 234 N.C. 236, 66 S.E. 2d 907.

The Turlington Act, now G.S. Ch. 18, Art. 1, except as modified or repealed by the Alcoholic Beverage Control Act, now G.S. Ch. 18, Art. 3, is still the law in this State. *S. v. Davis,* 214 N.C. 787, 1 S.E. 2d 104; *S. v. Wilson,* 227 N.C. 43, 40 S.E. 2d 449.

After the adoption of this statute, the State imposed no tax on alcoholic beverages and it was, with certain exceptions, unlawful to possess any quantity of intoxicating liquor. Under the ABC Act, liquor may be purchased from ABC stores and now it is not unlawful to possess liquor in the quantities and under the conditions prescribed by that Act. But, to make certain that this modification of the Turlington Act applies only to liquor upon which the taxes imposed by the Federal and State governments have been paid, the General Assembly wrote into the ABC Act the provision which is now G.S. 18-48, making it unlawful to possess any quantity of liquor upon which such taxes have not been paid.

The two Acts constitute the body of our law relating to the purchase, possession, and sale of intoxicating liquor and must be construed *in pari materia.* When so construed, it becomes apparent that an allegation in a warrant or bill of indictment to the effect that the Federal and State taxes had not been paid upon the liquor seized or that it was illicit liquor is merely descriptive, *S. v. Merritt,* 231 N.C. 59, 55 S.E. 2d 804, and does not, as contended by defendant, limit the prosecution to any particular section of the liquor law or deprive the State of the benefit of the general provisions of the law as it now exists. Instead, it facilitates proof of the unlawfulness of the possession and renders it unnecessary to prove possession of any particular quantity.

The defendant moves in this Court that the judgment pronounced be arrested "in the event the Court should find that he was arrested, tried and convicted under G.S. Section 18-48, on the grounds that the said warrant was defective because it alleged two separate offenses in one count." The motion is without merit and is overruled. *S. v. Dilliard,* 223 N.C. 446, 27 S.E. 2d 85.

Construing the warrant with that degree of liberality required by the statute, G.S. 15-153, it clearly appears that it charges two separate and distinct offenses: (1) unlawful possession, and (2) unlawful possession for the purpose of sale. Furthermore, objection to the warrant on account of duplicity, entered for the first time after verdict, comes too late. *S. v. Burnett,* 142 N.C. 577; *S. v. Mundy,* 182 N.C. 907, 110 S.E. 93; *S. v. Puckett,* 211 N.C. 66, 189 S.E. 183.

We feel compelled to call attention to the state of the record in this cause. In almost every respect it fails to comply with the rules of this Court. Rule 19, Rules of Practice in the Supreme Court, 221 N.C. 553. The case on appeal and assignments of error precede the record proper. Neither the verdict of the jury nor the judgment of the court are made to appear except in a certificate of the clerk. Neither the warrant nor the verdict nor the judgment—indeed no part of the record proper—is indexed. Though the record is relatively small, it has been necessary for us to search from page to page to find in the record essential information bearing on the questions defendant seeks to present. If counsel desire us to give consideration to their appeals, there must be at least a semblance of compliance with our rules which, in this respect, are simple and require no great degree of astuteness to understand or to follow.

In the trial in the court below we find

No error.