STATE v. JOHN WILLIAMSON, ALIAS BUTTERFIELD.

(Filed 29 April, 1959.)

**1. Criminal Law § 94—**

  The statutory prohibition against an expression of opinion on the evidence by the court in the hearing of the jury applies at any time during

STATE *v.* WILLIAMSON.

the trial, and whether the language of the court amounts to an expression of opinion on the facts is to be determined by its probable meaning to the jury and not by the motive of the judge. G.S. 1-180.

**2. Same: Intoxicating Liquor § 15—**

In this prosecution for violations of the liquor laws, the court, in explaining its ruling admitting testimony of a witness that he saw intimacies between girls and men on the occasion he purchased liquor at defendant's house, stated that "they both go hand in hand." *Held:* The statement of the court must be held prejudicial as intimating that evidence of the intimacy of the girls and men was direct proof of liquor dealings by defendant.

**3. Criminal Law § 94—**

A statement by the court at the conclusion of the evidence that counsel might argue the case but that the court was going to instruct the jury peremptorily, must be held for prejudicial error as a prohibited expression of opinion as to whether a fact had been fully or sufficiently proven. Such statement may not be held harmless even when the evidence is sufficient to support a peremptory instruction, since a peremptory instruction should be given directly to the jury at the proper time in the orderly progress of the trial and not during a discourse with attorneys in the presence of the jury.

**4. Intoxicating Liquor § 12—**

In a prosecution for possession of intoxicating liquor for the purpose of sale it is competent for the State, after introducing evidence that defendant possessed or sold liquor at his house, to introduce evidence as to the conduct and intoxication of persons found at defendant's house, even including testimony of a statement of the defendant that "he was running a whore-house in his back yard."

**5. Indictment and Warrant § 14—**

Motion to quash the warrant for duplicity is addressed to the discretion of the court when the motion is not made until after plea, since failure to make the motion prior to plea waives the question of duplicity.

**6. Criminal Law § 33—**

In a prosecution on a warrant charging a number of distinct criminal offenses in one court, the court is compelled to permit the introduction of evidence which is competent and pertinent on any of the charges.

**7. Indictment and Warrant § 8—**

Where a warrant charges a number of distinct criminal offenses in one count, defendant may in apt time move to quash on the ground of duplicity, in which event the solicitor may either take a *nol pros* as to all but one charge and proceed to trial thereon, or he may move for leave to amend the warrant and state in separate counts the charges upon which he desires to proceed, provided they are originally set out in the warrant. G.S. 18-10.

APPEAL by defendant from *Gambill, J.,* October 1958 Criminal Term of FORSYTH.

Defendant appealed from an adverse judgment in the Municipal Court of the City of Winston-Salem and was tried *de novo* in the Superior Court upon a warrant charging the violation of the liquor laws. The State offered evidence tending to show that the defendant possessed illicit intoxicating liquor, possessed intoxicating liquor for the purpose of sale and sold intoxicating liquor. The defendant did not testify and offered no evidence in his behalf. The jury returned a verdict of guilty.

From judgment of imprisonment defendant appealed, assigning error.

*Spry, White & Hamrick for defendant, appellant.*
*Attorney General Seawell and Assistant Attorney General McGalliard for the State.*

MOORE, J. The fifth and eleventh assignments of error relate to statements made by the judge in the presence of the jury during the course of the trial. Defendant challenges these statements on the ground that they constitute expressions of opinion as to the weight and sufficiency of the evidence and were prejudicial to him.

*Fifth Assignment of Error:* Donald Parker testified for the State. Over the objection of the defendant he testified in substance that at the defendant's house on an occasion when he made a purchase of liquor he saw girls sitting on men's laps. At this point the following colloquy took place:

"*Mr. Turner* (attorney for defendant): If your Honor please, would you hear me on it? This is a specific indictment about liquor, and that has nothing to do with liquor, on the face of the earth, is my contention.

"*Court:* They both go hand in hand."

*Eleventh Assignment of Error:* At the close of the evidence there was the following exchange between the attorney for the defendant and the court:

"*Court:* All right. Do you want to argue the case?

"*Mr. Turner:* Yes, Sir.

"*Court:* I will tell you, frankly, I am going to instruct the jury if they believe the evidence and find beyond a reasonable doubt from the evidence that he had liquor there and had it for sale, they will find him guilty. That is a peremptory instruction."

There were arguments both for the defendant and the State. The court instructed the jury but not peremptorily.

G.S. 1-180 is, in part, as follows: "No judge, in giving a charge to the petit jury, either in a civil or criminal action, shall give an opinion

STATE v. WILLIAMSON.

whether a fact is fully or sufficiently proven, that being the true office and province of the jury, but he shall declare and explain the law arising on the evidence given in the case." This section applies to any expression of opinion by the judge in the hearing of the jury at any time during the trial. *State v. Cook,* 162 N.C. 586, 77 S.E. 759.

In *State v. Simpson,* 233 N.C. 438, 442, 64 S.E. 2d 568, this Court said: "It can make no difference in what way or manner or when the opinion of the judge is conveyed to the jury, whether directly or indirectly, by comment on the testimony of a witness, by arraying the evidence unequally in the charge, by imbalancing the contentions of the parties, by the choice of language in stating the contentions, or by the general tone and tenor of the trial. The statute forbids any intimation of his opinion in any form whatever, it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury. *Withers v. Lane,* 144 N.C. 184, 56 S.E. 855. 'The slightest intimation from a judge as to the strength of the evidence or as to the credibility of a witness will always have great weight with the jury, and, therefore, we must be careful to see that neither party is unduly prejudiced by an expression from the bench which is likely to prevent a fair and impartial trial' — *Walker, J.,* in *S. v. Ownby,* 146 N.C. 677, 61 S.E. 630."

"Whether the conduct or the language of the judge amounts to an expression of his opinion on the facts is to be determined by its probable meaning to the jury, and not by the motive of the judge." *State v. Canipe,* 240 N.C. 60, 81 S.E. 2d 173.

The epigrammatical statement of the judge that "they both (liquor and a display of amorousness) go hand in hand" was prejudicial error when considered in the light of the charge upon which the defendant was being tried and the other circumstances of the case. It suggests that one does not exist without the other, and that evidence of the intimacy of the girls and men was direct proof of liquor dealings by the defendant. In short, it was an expression of opinion upon the weight of the pertinent evidence adverse to the defendant, and must necessarily have been so understood by the jury. It is better practice for the court not to explain a ruling on the admission of evidence, certainly not by way of *maxim.* This statement falls within that forbidden class illustrated by the case of *Meadows v. Telegraph Co.,* 131 N.C. 73, 42 S.E. 534, in which the judge used the expression: "Proverbial slowness of the messenger boy." The defendant was being sued for late delivery of a telegram.

We do not hold that the court was in error in the admission of the

testimony of the witness Donald Parker. Our opinion is that it was competent and relevant under the circumstances.

As to the exchange between the court and defendant's attorney immediately preceding the jury speeches, we are of the opinion that the statements of the judge were understood by the jury to mean that it was the judge's opinion that the evidence was sufficient for conviction and that a jury speech in his behalf would be useless and a waste of time. It is said in *State v. Hart,* 186 N.C. 582, 120 S.E. 345, that "this statute (G.S. 1-180) has been interpreted by us to mean that no judge, in charging the jury, or at any time during the trial shall intimate whether a fact is fully or sufficiently proved." (Parentheses ours).

We do not decide and we refrain from discussing whether or not a peremptory instruction would have been proper in the light of the evidence. Suffice it to say on this point that there are situations in which peremptory instructions are appropriate. *State v. Taylor,* 236 N.C. 130, 71 S.E. 2d 924. However, the statement made by Judge Gambill when he was speaking to defendant's counsel does not fully comply with the essentials of such an instruction as set out in the *Taylor* case, nor does it specifically apply the instructions to the charges in the warrant. Furthermore, peremptory instructions, to avoid the objection that they are expresssions of opinion, should be given directly to the jury at the proper time in the orderly progress of the trial and not during a discourse with attorneys in the presence of the jury.

Certain of the defendant's assignments of error relate to the correctness of the judge's charge. Since there must be a new trial, we refrain from a discussion of these assignments. They involve no novel or unsettled propositions of law.

There were a number of assignments of error based upon exceptions to the admission of evidence. We have carefully considered each of them and find them without merit. When a defendant is charged with the possession of intoxicating liquor for the purpose of sale and it appears from the evidence that he has possessed or sold liquor at his house, it is competent for the State to show the number, conduct and condition as to intoxication of persons found at his house when it is shown that he has liquor in his possession. The declaration attributed to the defendant "that he was running a whore-house in his back yard" is certainly competent on that charge and under those circumstances.

Since there must be a new trial, we think the following discussion appropriate. It is observed that the warrant in this case charges nine

distinct criminal offenses in one count. Not having moved to quash the warrant before pleading, defendant waived the question of duplicity. *State v. Calcutt*, 219 N.C. 545, 15 S.E. 2d 9. After a plea of not guilty a motion to quash is allowable only in the discretion of the court. *State v. Burnett*, 142 N.C. 577, 55 S.E. 72. Since issue was joined on all the charges, the court was compelled to permit any evidence to be offered which was competent and pertinent on any of the charges. When a defendant in apt time moves to quash the warrant on the ground of duplicity, the solicitor may take a nol. pros. as to all of the charges except one and then proceed to trial on the one charge. *State v. Avery*, 236 N.C. 276, 72 S.E. 2d 670; *State v. Cooper*, 101 N.C. 684, 8 S.E. 134. Or the solicitor may upon motion and leave of court amend the warrant and state in separate counts the charges upon which he desires to proceed, provided they were originally set out in the warrant. G.S. 18-10 is in part as follows: "In any affidavit, information, warrant, or indictment for the violation of this article, separate offenses may be united in separate counts, and the defendant may be tried on all at one trial, and the penalty for all offenses may be imposed."

New Trial.