STATE v. KENNETH GRANT.

(Filed 15 April, 1964.)

**1. Criminal Law §§ 3, 4, 131—**

An attempt to break and enter is a misdemeanor for which the maximum punishment is two years imprisonment.

**2. Criminal Law § 130—**

The indictment and not the commitment of the clerk controls, and the punishment may not exceed that for the offense charged in the indictment.

**3. Criminal Law § 169—**

Ordinarily, when the judgment imposed is excessive the cause will be remanded for proper judgment, but when the maximum legal sentence has already been served remand for proper judgment would be vain, so in such instance the cause will be remanded for correction of the judgment, with consecutive sentences subsequently imposed to fall into place on the basis of the correction.

ON March 10, 1964, the defendant filed an application for *certiorari* to review a judgment of imprisonment imposed on him by the Superior Court of GREENE County at its October, 1960 Term. We treat this application as for *habeas corpus* involving the legality of his imprisonment. All pertinent court records, duly certified, are attached to the petition.

The Attorney General has filed an answer, admitting as excessive the sentence of seven to nine years imposed in case No. 1377 upon a charge of "Attempt to break and enter a certain storehouse . . . occupied by J. Exum Co., Inc., . . . with intent to steal . . . merchandise." The Attorney General concedes that the maximum imprisonment for such offense can not exceed two years. The record discloses certain additional prison sentences were subsequently imposed in Pitt and Halifax Counties to begin at the expiration of the sentence imposed in Greene.

*T. W. Bruton, Attorney General, Theodore C. Brown, Jr., Staff Attorney for the State.*
*Turner and Harrison for petitioner.*

PER CURIAM. The question presented by the writ is one of law. A sentence of seven to nine years upon a bill of indictment for an attempt to break and enter is not authorized. The crime charged is a misdemeanor. The maximum punishment for the offense is imprisonment for two years. The commitment issued by the Assistant Clerk of the Greene County Superior Court states, "The commitment was for breaking and entering." The commitment must give way to the basic document — the indictment — which charges only an attempt to break and enter.

Ordinarily, when a judgment is imposed in excess of that permitted by law, the cause is remanded for a proper judgment. In this case the maximum sentence allowed has already been served. To send the case back for entry of a proper judgment would serve no useful purpose. The judgment in case No. 1377 entered in Greene County should be corrected by striking the term of imprisonment, "seven to nine years," and substituting, "two years."

The consecutive sentences subsequently imposed will fall into place on the basis of this correction. The cause is remanded to the Superior Court of Greene County for the correction of its record as here indicated. Certificate of the correction will be sent to the Prison Department.

Remanded.