STATE OF NORTH CAROLINA v. HOMER BEAVER

No. 7219SC301

(Filed 24 May 1972)

1. **Indictment and Warrant § 8— duplicity**

    Ordinarily an indictment which charges two separate offenses in a single count is bad for duplicity.

2. **Indictment and Warrant § 8— duplicity — motion to quash — election by solicitor**

    When a defendant moves in apt time to quash a warrant on the ground of duplicity, the solicitor may take a *nol pros* as to all the charges except one and then proceed to trial on the one charge, or he may upon motion and leave of the court amend the warrant and state

---

State v. Beaver

---

in separate counts the charges upon which he desires to proceed, provided they were originally set out in the warrant.

3. **Indictment and Warrant § 8— duplicity — refusal to quash — prejudicial error**

The trial court committed prejudicial error in the denial of defendant's motion to quash on the ground of duplicity a warrant charging that defendant assaulted the prosecuting witness by shooting at him with a shotgun and by hitting him with a rock, notwithstanding the court in ruling on the motion indicated that the allegations concerning the rock assault would be treated as surplusage, where the evidence showed two separate assaults and the court charged the jury that it could find defendant guilty if it found that he assaulted the prosecuting witness with a rock and the rock was a deadly weapon, or if it found defendant assaulted the prosecuting witness with a shotgun.

4. **Assault and Battery § 15— refusal to instruct on self-defense**

The trial court erred in refusing to instruct the jury on self-defense in a prosecution for assault with a deadly weapon, a rock, where there was evidence tending to show that at the time defendant threw the rock, he was backing up as the prosecuting witness came toward him swinging a tree limb.

5. **Assault and Battery § 8— self-defense**

In the absence of an intent to kill, a person may fight in his own self-defense to protect himself from bodily harm or offensive physical contact, even though he is not put in actual or apparent danger of death or great bodily harm.

APPEAL by defendant from *Collier, Judge,* 1 November 1971 Session of Superior Court held in RANDOLPH County.

Defendant was convicted in District Court under a warrant charging him with unlawfully and wilfully assaulting Nathan Amos Hunt, Jr. with a deadly weapon, an automatic shotgun, by pointing at the victim and shooting toward him six times scattering shot over the victim's house and premises "and struck left hand with three pound rock injuring left hand."

Defendant appealed to Superior Court.

Prior to entering a plea in Superior Court, defendant moved to quash the warrant contending, among other things, that he could not determine from the wording whether he was being charged with an assault in which he used a rock or an assault in which he used a gun.

The record indicates: "The motion was DENIED, the court ruling that the matters in the warrant with the exception of

the initial charge of assault with a deadly weapon were surplusage." Defendant excepted to this ruling.

Defendant then moved to strike the surplusage from the warrant. This motion was denied and defendant excepted.

Defendant entered a plea of not guilty and the jury returned a verdict of guilty as charged. Defendant appeals from judgment entered upon the verdict imposing an active prison sentence.

*Attorney General Morgan by Assistant Attorney General Costen for the State.*

*H. Wade Yates for defendant appellant.*

GRAHAM, Judge.

Defendant contends the court erred in denying his motion to quash the warrant.

At the time the court ruled on defendant's motion to quash, it was impossible to know whether defendant was being charged with a single assault in which he allegedly used both a gun and a rock or two separate assaults. The State's evidence, however, tended to show two separate and distinct assaults.

The first purported assault arose out of an argument that occurred when defendant and a companion exchanged words with the prosecuting witness as they walked along a public road in front of the prosecuting witness's home. At that time, defendant threw a rock which struck and broke the prosecuting witness's thumb as the witness, brandishing a tree limb, started into the street toward defendant and his companion. Defendant left the scene, went to his house, and several minutes later returned with a shotgun. It was at this time that the alleged shooting took place.

[1, 2] Ordinarily an indictment which charges two separate offenses in a single count is bad for duplicity. *State v. Dale,* 218 N.C. 625, 12 S.E. 2d 556; *State v. Lewis,* 185 N.C. 640, 116 S.E. 259. When a defendant moves in apt time to quash the warrant on the ground of duplicity, the solicitor is faced with an election. He may take a *nol pros* as to all of the charges except one and then proceed to trial on the one charge, *State v. Williamson,* 250 N.C. 204, 108 S.E. 2d 443; *State v. Cooper,* 101 N.C.

684, 8 S.E. 134, or he may upon motion and leave of court amend the warrant and state in separate counts the charges upon which he desires to proceed, provided they were originally set out in the warrant. *State v. Williamson, supra.* We are of the opinion that defendant in this case was entitled to have the solicitor elect.

[3] The record indicates that, in ruling on defendant's motion to quash, the court regarded the allegations concerning the rock assault as surplusage. If these allegations had been treated as surplusage throughout the trial, prejudicial error would not likely have occurred. However, the court charged the jury that it could find the defendant guilty if it found that he assaulted the prosecuting witness with a rock and the rock was a deadly weapon, or if it found defendant assaulted the prosecuting witness with a shotgun. The State argues that defendant has not been prejudiced because he was tried and convicted for only one assault; whereas, he could have been tried and convicted for two separate assaults if the charges had been stated in separate counts in the warrant. Assuming for purposes of argument that this is true, we find that prejudicial error nevertheless appears in the charge.

[4] The jury verdict may represent a finding that defendant committed no assault in firing the shotgun, but that he did commit an assault in throwing the rock. (Defendant's evidence tended to indicate that he fired the gun into the air while standing near his own home and that he did not aim the gun in the direction of the prosecuting witness.) While there was no evidence from which the jury could find that defendant was acting in self-defense when he fired the shotgun, there was evidence tending to show that he was legitimately defending himself when he threw the rock. Defendant requested the court to instruct the jury relating to self-defense "in the charge of assault with a deadly weapon, to wit: a rock." This request was refused.

We summarize some of the evidence pertinent to defendant's plea of self-defense with respect to the charge of assault with a rock.

At the time the rock was thrown, defendant was on a public street and was being chased by the prosecuting witness who had a tree limb two and a half feet long. The prosecuting wit-

ness stated: "Yes, I did start chasing him with that limb. Yes, he started running, his feet wouldn't hold him. . . . As to what I was saying to Homer Beaver as I was going after him with that limb in my hand, I told him to hold up. I told him I was going to slap him right up the side of the head with that limb. I would have done it and I will still do it. . . . As to what I meant when I said I was going to put him out of his misery I was not going to kill him. I probably would have knocked him unconscious with that limb, if I had got hold of him. My intentions was shutting up that big mouth of his. In answer to your question 'And you were going to shut it up if you had to kill him or knock him unconscious with that big limb and anything it took to do it?' my answer is 'Anything it took to do it.'"

Defendant's companion testified: "Homer and myself picked up a rock in front of Mrs. Carrico's and we both threw the rock. Whichever one of us hit him, I'd say I threw one as well as he did. At the time we threw the rocks Mr. Hunt was swinging the stick. He was going up the center of the road swinging that stick. Yes sir, he was going in the direction of Homer and me, and swinging the stick."

While there was no specific evidence indicating how close the prosecuting witness got to defendant before defendant threw the rock, there was evidence tending to show that at the time defendant threw the rock, he was backing up as the prosecuting witness came toward him swinging the tree limb.

[5] In the absence of an intent to kill, a person may fight in his own self-defense to protect himself from bodily harm or offensive physical contact, even though he is not put in actual or apparent danger of death or great bodily harm. *State v. Chaney*, 9 N.C. App. 731, 177 S.E. 2d 309. We hold that the evidence required an instruction as to this principle with respect to the charge that defendant committed an assault by use of a rock.

New trial.

Judges MORRIS and VAUGHN concur.