STATE OF NORTH CAROLINA v. GLENDEN RAY SULLIVAN

No. 9212SC820

(Filed 6 July 1993)

**Burglary and Unlawful Breakings § 93 (NCI4th); Criminal Law § 1284 (NCI4th)— attempt to break into coin-operated machine—misdemeanor—not basis for habitual felon charge**

An attempt to break into a coin-operated machine is a misdemeanor and thus cannot serve as a prosecution to which an habitual felony proceeding can attach as an ancillary proceeding.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 15, 20.**

**Form and sufficiency of allegations as to time, place, or court of prior offenses or convictions, under habitual criminal act or statute enhancing punishment for repeated offenses. 80 ALR2d 1196.**

Appeal by defendant from judgment entered 25 March 1992 by Judge Jack A. Thompson in Cumberland County Superior Court. Heard in the Court of Appeals 8 June 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Sueanna P. Sumpter, for the State.*

*Parish, Cooke, & Russ, by James R. Parish, for defendant-appellant.*

JOHNSON, Judge.

Defendant-appellant, Glenden Ray Sullivan, was tried on an indictment charging defendant with (1) "feloniously" attempting to break into a coin-operated machine in violation of North Carolina General Statutes § 14-56.1 (1986), (2) unlawfully and willfully damaging real property in violation of North Carolina General Statutes § 14-127 (1986), (3) possessing drug paraphernalia in violation of North Carolina General Statutes § 90-113.22 (1990), and (4) trespassing in violation of North Carolina General Statutes § 14-159.13 (1986). Defendant was also indicted as a habitual felon. The first count of the indictment charging defendant with feloniously attempting to break into a coin-operated machine served as the ancillary proceeding to which the habitual felon proceeding could attach.

At the close of the State's case, the court dismissed the charge of trespass. The jury returned guilty verdicts as to the remaining charges. A subsequent proceeding was immediately held to determine defendant's status as a habitual felon. From a special verdict by the jury that defendant was a habitual felon, the court imposed a sentence of 30 years in the North Carolina Department of Corrections. Defendant appeals.

On appeal, defendant brings forth thirteen assignments of error. We find the first assignment of error dispositive. Defendant contends that there was no underlying felony for which defendant was convicted to serve as an ancillary prosecution to which the habitual felon proceeding could attach. He further argues that his convictions and sentence must be vacated because the charges on which he was charged, tried and convicted were all misdemeanors tried in a superior court which had no subject matter jurisdiction.

The State, however, contends that the charge of attempting to break into a coin-operated machine is a felony because it is an offense which is infamous, done in secrecy and malice, or with deceit and intent to defraud. See North Carolina General Statutes § 14-3(b) (Cum. Supp. 1992) which states that "[i]f a misdemeanor offense as to which no specific punishment is prescribed be infamous, done in secrecy and malice, or with deceit and intent to defraud, the offender shall . . . be guilty of a Class H felony."

It is well settled that in order to support a habitual felon conviction and sentence, there must be an ancillary felony prosecu-

tion to which the habitual felon proceeding could attach. *State v. Allen*, 292 N.C. 431, 233 S.E.2d 585 (1977). It is also well-settled law that exclusive original jurisdiction of all misdemeanors is in district court unless jurisdiction is conferred to the superior court by a circumstance enumerated in North Carolina General Statutes § 7A-271 (1989). In the case at bar, there is no ancillary felony prosecution to which the habitual felon proceeding could attach; therefore, the superior court was without subject matter jurisdiction.

The offense of attempting to break into a coin-operated machine is not a felony and can be distinguished from the felonious offenses of attempted burglary, attempted common law robbery and attempted armed robbery, which generally pose a great threat of harm to the public. *See State v. Surles*, 230 N.C. 272, 52 S.E.2d 880 (1949); *State v. McNeely*, 244 N.C. 737, 92 S.E.2d 853 (1956). The State concedes that it cannot distinguish the instant case from *State v. Grant*, 261 N.C. 652, 135 S.E.2d 666 (1964), which held that an attempt to break or enter was a misdemeanor. We hold that the charge of attempting to break into a coin-operated machine is a misdemeanor; therefore, it cannot serve as an ancillary prosecution to which the habitual felon proceeding could attach.

Because the Cumberland County Superior Court did not have subject matter jurisdiction to hear the misdemeanor charges levied against defendant, those convictions must be vacated; and because there was no felony prosecution to which the habitual felon proceeding could attach as an ancillary proceeding, defendant's conviction and sentence as a habitual felon must also be vacated.

The decision of the trial court is vacated, and the case is remanded to the superior court with directions that defendant's convictions and sentence be vacated.

Judges GREENE and WYNN concur.