STATE OF NORTH CAROLINA v. GLENDEN RAY SULLIVAN

No. 9312SC79

(Filed 3 August 1993)

**Criminal Law § 1280 (NCI4th)— misdemeanor charge elevated to felony status—special indictment required under statute— special indictment charging defendant as habitual felon insufficient**

When the State attempts to elevate a misdemeanor charge of breaking into a coin-operated machine to felony status, a special indictment charging defendant as being an habitual felon, based in part on an alleged prior conviction for feloniously breaking into a coin-operated machine, may not properly serve as a substitute for the special indictment required under N.C.G.S. § 15A-928 because of the material inconsistencies in their respective procedural requirements. Furthermore, an habitual felon special indictment may properly accompany only an indictment charging the defendant with a felony offense.

**Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.**

Appeal by defendant from judgment entered 3 September 1992 in Cumberland County Superior Court by Judge Peter M. McHugh. Heard in the Court of Appeals 9 July 1993.

*Attorney General Michael F. Easley, by Assistant Attorney General Jeffrey P. Gray, for the State.*

*Parish, Cooke & Russ, by James R. Parish, for defendant-appellant.*

GREENE, Judge.

Defendant appeals from a judgment entered 3 September 1992, which judgment is based on jury verdicts convicting defendant of felonious forcible breaking into a coin-operated machine, N.C.G.S. § 14-56.1, and misdemeanor larceny, N.C.G.S. § 14-72.

Defendant was indicted on 26 August 1991 for "unlawfully, willfully and feloniously . . . forcibly break[ing] into a coin-operated [Coca-Cola] machine" in Fayetteville, North Carolina, in violation of N.C.G.S. § 14-56.1. The indictment alleges that defendant previously

was convicted of several counts of breaking into a coin-operated machine in December, 1988, and in May, 1990. Accompanying the principal indictment is a special indictment alleging that defendant qualifies as an habitual felon based on three prior felony convictions, including the same May, 1990, convictions for breaking into a coin-operated machine alleged in the principal indictment.

Defendant on 31 August 1992 filed in Cumberland County Superior Court a "motion to strike the surplus language" in the principal indictment on the ground that the allegations of defendant's prior convictions for breaking into a coin-operated machine violate N.C.G.S. § 15A-928. The trial court granted the motion, and defendant subsequently moved to dismiss the special indictment and remand the cases to district court on the grounds that the principal indictment alleges only misdemeanor offenses and therefore the district court has original jurisdiction to hear the cases, and the special indictment charging defendant as an habitual felon is of no effect because it attaches to no felony offense. The trial court determined that the allegations set forth in the special indictment charging defendant as an habitual felon "are sufficient to constitute the special indictment referred to and required by" N.C.G.S. § 15A-928, and denied defendant's motions.

After a trial, at which the State presented two witnesses who established defendant's prior conviction for feloniously breaking into a coin-operated machine, the jury convicted defendant of feloniously breaking into a coin-operated machine and misdemeanor larceny. The court, pursuant to N.C.G.S. § 14-7.5, presented to the same jury the bill of indictment charging defendant as an habitual felon, after which the jury returned a verdict finding defendant guilty of being an habitual felon. The trial court sentenced defendant on the underlying convictions to a prison term of twenty-five years. Defendant appeals.

---

The dispositive issue is whether, when the State attempts to elevate a misdemeanor charge of breaking into a coin-operated machine to felony status, a special indictment charging defendant as being an habitual felon, based in part on an alleged prior conviction for feloniously breaking into a coin-operated machine, may properly serve as a substitute for the special indictment required under N.C.G.S. § 15A-928.

Defendant argues that the State properly indicted him only for misdemeanor breaking into a coin-operated machine. We agree.

Any person who forcibly breaks into any coin-operated machine with intent to steal any property or money therein shall be guilty of a misdemeanor. N.C.G.S. § 14-56.1 (1986); *State v. Sullivan*, 110 N.C. App. 779, 781, 431 S.E.2d 502, 503 (1993). However, if such person has been previously convicted of such a charge, he shall be punishable as a Class H felon. N.C.G.S. § 14-56.1. The procedure for elevating an offense of lower grade to one of higher grade based on the fact that the defendant has been previously convicted of an offense is delineated in N.C.G.S. § 15A-928. This statute provides that "an indictment or information for the higher offense may not allege the previous conviction." N.C.G.S. § 15A-928(a) (1988). Rather, the indictment for the offense "must be accompanied by a special indictment or information, filed with the principal pleading, charging that the defendant was previously convicted of a specified offense," or the special indictment or information may be incorporated in the principal indictment as a separate count. N.C.G.S. § 15A-928(b). "After commencement of the trial and *before the close of the State's case*, the judge in the absence of the jury must arraign the defendant upon the special indictment . . . ." N.C.G.S. § 15A-928(c) (emphasis added); *accord State v. Jackson*, 306 N.C. 642, 651, 295 S.E.2d 383, 389 (1982). If the defendant admits the previous conviction, the prior conviction is established and "no evidence in support thereof may be adduced by the State, and the judge must submit the case to the jury without reference thereto . . . ." N.C.G.S. § 15A-928(c)(1). "If the defendant denies the previous conviction or remains silent, the State may prove that element of the offense charged before the jury as a part of its case." N.C.G.S. § 15A-928(c)(2). Any jury trial held in superior court on the misdemeanor must be held in accordance with the foregoing procedure. N.C.G.S. § 15A-928(d).

We agree with defendant that the State failed to follow the provisions of Section 15A-928 in charging and trying defendant with felony-grade breaking into a coin-operated machine. Section 15A-928(a) explicitly states that the prior conviction used to elevate the offense of lower grade to one of higher grade may not be alleged in the principal indictment. For this reason, the trial court properly granted defendant's motion to strike from the principal indictment the allegations of defendant's prior convictions for the offense, effectively rendering the indictment one which charged

only a misdemeanor because there was no accompanying special indictment alleging the prior conviction for the offense as required under Section 15A-928(b). Because there was no special indictment as required under Section 15A-928(b), the trial court did not arraign defendant upon it after the commencement of trial but before the close of the State's case, as required under Section 15A-928(c).

The State, however, insists — and the trial court found — that the special indictment charging defendant as an habitual felon serves as an adequate substitute for the special indictment required under Section 15A-928(b). We disagree. As previously discussed, Section 15A-928(c) mandates that the defendant be arraigned upon the special indictment required under subsection (b) after commencement of the trial and *before* the close of the State's case, and that, if the defendant denies the prior conviction or remains silent, the State may prove the prior conviction, which is an element of the elevated offense with which the defendant is charged, as part of its case. In contrast, a special indictment alleging that the defendant is an habitual felon "shall not be revealed to the jury unless the jury shall find that the defendant is guilty of the principal felony," in other words, *after* the close of the State's case and after the jury has returned a verdict of guilty. N.C.G.S. § 14-7.5 (1986) (emphasis added). Accordingly, a special indictment alleging that the defendant is an habitual felon cannot serve as a substitute for the special indictment required to elevate an offense from lower grade to higher grade under Section 15A-928 due to the material inconsistencies in their respective procedural requirements.

Furthermore, an habitual felon special indictment may properly accompany only an indictment charging the defendant with a *felony* offense. N.C.G.S. § 14-7.3 (1986). Because the State failed to follow the provisions of Section 15A-928, defendant was charged not with felony-grade breaking into a coin-operated machine, but with the misdemeanor grade of the offense. Therefore, no underlying felony charge exists to which the habitual felon special indictment can attach. Accordingly, the trial court should have dismissed the special indictment and remanded the cases to Cumberland County District Court. *See* N.C.G.S. § 7A-272(a) (1989) (district court has exclusive, original jurisdiction for the trial of misdemeanors); *Sullivan*, 110 N.C. App. at 781, 431 S.E.2d at 503.

For the foregoing reasons, the judgment of the superior court is

Vacated.

Judges EAGLES and LEWIS concur.