STATE OF NORTH CAROLINA v. MARK DANIEL STEPHENS

No. COA06-1594

(Filed 15 January 2008)

**Indictment and Information— amendment—prior stalking conviction—separate count—not substantial alteration**

The State's amendment of a stalking indictment by striking the allegation of a prior stalking conviction from the existing single count and adding the allegation of a prior conviction of a stalking offense as a second count did not amount to a substantial alteration of the charge against defendant in violation of N.C.G.S. § 15A-923(e) because: (1) the original indictment sufficiently charged defendant with a Class F felony offense of stalking, and the amendment thus did not elevate the charge from a misdemeanor to a felony; (2) an allegation of the prior conviction in a separate count was permitted by N.C.G.S. § 15A-928(b); (3) none of the specific allegations against defendant were changed, and defendant was on notice of the charge against him and that the State intended to prove that he had previously been convicted of misdemeanor stalking; and (4) the trial court complied with the requirements of N.C.G.S. § 15A-928(c) in that defendant was given the opportunity to admit the prior conviction outside the presence of the jury, thereby preventing the jury from hearing evidence regarding the prior conviction.

Appeal by defendant from judgments entered 15 May 2006 by Judge Orlando F. Hudson in Wake County Superior Court. Heard in the Court of Appeals 22 August 2007.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Amy C. Kunstling, for the State.*

*Jarvis John Edgerton, IV, for defendant-appellant.*

JACKSON, Judge.

On 10 February 2003, Mark Daniel Stephens ("defendant") was indicted on one count of felony stalking of Melanie Shekita ("Shekita"). Defendant's indictment stated that

> on or about the 2nd day of October, 2002, in Wake County, the defendant named above unlawfully, willfully and feloniously did on more than one occasion follow or is [sic] in the presence of, or otherwise harass, Melanie Shekita, without legal purpose and with the intent to cause emotional distress by placing that person in reasonable fear of death or bodily injury and who has committed this offense of stalking after having been previously convicted of a stalking offense on March 19, 2002. This act was done in violation of G.S. 14-277.3.

In a superceding indictment filed 4 November 2003, defendant was charged with one count of felony stalking of Shekita with language almost identical to the 10 February 2003 indictment, except that the date of the offense was amended to read "on or about October 2, 2002 to October 24, 2002" and the case number of defendant's prior stalking conviction, 02 CR 11460, was added. On 18 November 2003, defendant was indicted for attaining the status of an habitual felon. A second superceding indictment for stalking was filed 6 January 2004, stating that

> on or about May 28, 2002 to October 24, 2002, in Wake County, the defendant named above, unlawfully, willfully, and feloniously did on more than one occasion follow or was in the presence of, or otherwise harass, Melanie Shekita, without legal purpose and with either the intent to place Melanie Shekita in reasonable fear either for her safety or the safety of her immediate family or close personal associates, or with the intent to caused [sic] Melanie Shekita to suffer substantial emotional distress by placing her in fear of death, bodily injury, or continued harassment, and that in fact caused Melanie Shekita substantial emotional distress. At the time of this offense, the defendant had been previously convicted of a stalking offense on March 19, 2002 in Wake County District Court (02cr 11460). This act was done in violation of N.C. Gen. Stat. §14-277.3.

On 28 January 2004, defendant was tried before a jury and convicted of felony stalking and of attaining the status of an habitual felon. Defendant appealed, and this Court granted him a new trial

after holding that the trial court failed to conduct the statutorily required inquiry prior to allowing him to proceed *pro se. State v. Stephens*, 173 N.C. App. 758 (unpublished) (2005) (providing the facts of this case in greater detail).

On 1 May 2006, defendant signed a written waiver of counsel, declaring his intention to proceed *pro se*. On 9 May 2006, the State filed a motion to amend defendant's 6 January 2004 indictment by (1) striking the allegation of a prior offense from the existing single count; and (2) adding the allegation of the prior offense as a second count, which would allege the elements required for the Class F felony offense of stalking. Apart from the division of the wording into two separate counts, the language of the amended indictment was identical to the 6 January 2004 superceding indictment. The trial court allowed the amendment, and by order filed 10 May 2006, the trial court amended defendant's indictment, finding that the amendment did not prejudice defendant or substantially change the language of the indictment.

On 12 May 2006, defendant was found guilty by a jury of felony stalking, and on 15 May 2006, he was found guilty of attaining the status of an habitual felon. The trial court sentenced defendant to a term of 120 to 153 months imprisonment, and defendant gave oral notice of appeal.

Defendant's sole argument on appeal is that the trial court erred in granting the State's motion to amend the 6 January 2004 indictment by separating the existing allegation into two separate counts. Defendant contends the amendment amounted to a substantial alteration of the charge; specifically, he argues that the indictment, in its original format, was sufficient only to allege misdemeanor stalking, whereas the indictment as amended elevated the charge to felony stalking. We disagree.

North Carolina General Statutes, section 15A-923(e) provides that "[a] bill of indictment may not be amended." N.C. Gen. Stat. § 15A-923(e) (2005). This provision has been interpreted to mean that "a bill of indictment may not be amended in a manner that substantially alters the charged offense." *State v. Silas*, 360 N.C. 377, 380, 627 S.E.2d 604, 606 (2006) (citing *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996)). "In determining whether an amendment is a substantial alteration, we must consider the multiple purposes served by indictments, the primary one being 'to enable the accused to prepare for trial.' " *Id.* (quoting *State v. Hunt*, 357 N.C. 257, 267, 582

S.E.2d 593, 600, *cert. denied,* 539 U.S. 985, 156 L. Ed. 2d 702 (2003)). An amendment to an indictment "which result[s] in a misdemeanor charge being elevated to a felony, substantially alter[s] the charge in the original indictment." *State v. Moses,* 154 N.C. App. 332, 338, 572 S.E.2d 223, 228 (2002).

North Carolina General Statutes, section 14-277.3 sets forth the offense of stalking, and provides in pertinent part:

(a) Offense.—A person commits the offense of stalking if the person willfully on more than one occasion follows or is in the presence of, or otherwise harasses, another person without legal purpose and with the intent to do any of the following:

(1) Place that person in reasonable fear either for the person's safety or the safety of the person's immediate family or close personal associates.

(2) Cause that person to suffer substantial emotional distress by placing that person in fear of death, bodily injury, or continued harassment, and that in fact causes that person substantial emotional distress.

(b) Classification.—A violation of this section is a Class A1 misdemeanor. A person convicted of a Class A1 misdemeanor under this section, who is sentenced to a community punishment, shall be placed on supervised probation in addition to any other punishment imposed by the court. A person who commits the offense of stalking when there is a court order in effect prohibiting similar behavior by that person is guilty of a Class H felony. A person who commits the offense of stalking after having been previously convicted of a stalking offense is guilty of a Class F felony.

N.C. Gen. Stat. § 14-277.3(a), (b) (2005). In the instant case, defendant was charged with the offense of felony stalking, in part due to his prior conviction on 19 March 2002 for misdemeanor stalking.

North Carolina General Statutes, section 15A-928 provides in pertinent part:

(a) When the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment or information for the higher offense may not allege the previous conviction. If a reference to a previous conviction is contained in the statutory name or title of the offense, the name

or title may not be used in the indictment or information, but an improvised name or title must be used which labels and distinguishes the offense without reference to a previous conviction.

(b) An indictment or information for the offense must be accompanied by a special indictment or information, filed with the principal pleading, charging that the defendant was previously convicted of a specified offense. At the prosecutor's option, the special indictment or information may be incorporated in the principal indictment as a separate count. Except as provided in subsection (c) below, the State may not refer to the special indictment or information during the trial nor adduce any evidence concerning the previous conviction alleged therein.

(c) After commencement of the trial and before the close of the State's case, the judge in the absence of the jury must arraign the defendant upon the special indictment or information, and must advise him that he may admit the previous conviction alleged, deny it, or remain silent. Depending upon the defendant's response, the trial of the case must then proceed as follows:

(1) If the defendant admits the previous conviction, that element of the offense charged in the indictment or information is established, no evidence in support thereof may be adduced by the State, and the judge must submit the case to the jury without reference thereto and as if the fact of such previous conviction were not an element of the offense. The court may not submit to the jury any lesser included offense which is distinguished from the offense charged solely by the fact that a previous conviction is not an element thereof.

. . . .

N.C. Gen. Stat. § 15A-928(a)-(c) (2005).

At the start of defendant's trial, and before the State made its motion to amend the superceding indictment, the trial court explained to defendant how evidence of his prior conviction for misdemeanor stalking could be introduced and admitted. The trial court explained that defendant would have the option of admitting the prior conviction so that the jury would not hear any evidence regarding it. Following the State's motion and the trial court's allowing the amendment, the trial court explained to defendant, in detail, the process for how his prior conviction could be addressed at trial. The court explained that at some point before the close of the State's evidence,

the jury would be sent out, and that outside the presence of the jury, defendant would be asked if he admitted to having the prior misdemeanor stalking conviction. Defendant stated to the court that he understood the process, and his trial began. Following a portion of the victim's testimony, and outside the presence of the jury, the trial court asked defendant if he was going to admit to the prior misdemeanor stalking conviction, to which he responded in the affirmative. Defendant then admitted that he was convicted of misdemeanor stalking on 19 March 2002, and the trial court found that defendant's admission was done freely, voluntarily, and understandingly.

Defendant contends that the amendment to the 6 January 2004 indictment added a second theory of the offense, in addition to extending the date of the offense. He contends, that pursuant to section 15A-928(a), the allegation of the prior offense should have been stricken, thus leaving the indictment sufficient only to charge the lesser misdemeanor offense that exists without the allegation of the prior offense. He argues that the indictment also violated section 15A-928(b) in that it (1) was not accompanied by a special indictment or information; and (2) did not contain a second count charging that defendant previously was convicted of a stalking offense. At trial, the State acknowledged that the 6 January 2004 indictment did not comply with the requirements of section 15A-928. However, by way of its motion, the State sought to bring the indictment into compliance with section 15A-928 by (1) striking the allegation of the prior offense from the existing single count; and (2) adding the second count which alleged defendant's prior conviction for misdemeanor stalking.

Before the jury was impaneled, the State made the motion to amend defendant's indictment. The motion sought to separate the allegations into two counts in order to comply with section 15A-928. The specific wording of the indictment was not changed at all. Section 15A-928(b) provides that "[a]t the prosecutor's option, the special indictment or information may be incorporated in the principal indictment as a separate count." N.C. Gen. Stat. § 15A-928(b) (2005). As this Court has held,

> [t]he purpose of [section 15A-928], which is for the benefit of defendants charged with prior convictions, is not to require that the procedures referred to therein be accomplished at a certain time and no other, which would be pointless. Its purpose is to insure that defendants are informed of the prior convictions they are charged with and are given a fair opportunity to either admit

or deny them before the State's evidence is concluded; because, as the statute makes plain, if the convictions are denied, the State can then present proof of that element of the offense to the jury, but cannot do so if the prior convictions are admitted.

*State v. Ford*, 71 N.C. App. 452, 454, 322 S.E.2d 431, 432 (1984).

In the case *sub judice*, defendant originally was tried and convicted on a felony charge, and following this Court's opinion vacating his original conviction, defendant once again was tried and convicted on a felony charge. None of the specific allegations against defendant were changed—the last two sentences of the 6 January 2004 indictment were simply put into a separate count, as permitted by section 15A-928(b).

"Ordinarily, an indictment which charges two separate offenses in a single count is bad for duplicity." Provided that the charges were originally set out in the defective indictment, the prosecutor may upon motion and leave of court amend the indictment and state the charges upon which he desires to proceed at trial in separate counts.

*State v. Rogers*, 68 N.C. App. 358, 379, 315 S.E.2d 492, 507 (1984) (quoting *State v. Beaver*, 14 N.C. App. 459, 461, 188 S.E.2d 576, 578 (1972)).

Defendant likens his case to the situation in *State v. Moses*, 154 N.C. App. 332, 572 S.E.2d 223, in which this Court held that an amendment to an indictment which elevated a misdemeanor charge to a felony substantially altered the charge in the original indictment, and thus was unlawful. Defendant also relies upon this Court's holding in *State v. Sullivan*, 111 N.C. App. 441, 432 S.E.2d 376 (1993), in which we vacated the defendant's conviction when the State failed to comply with the provisions of section 15A-928. In *Sullivan*, the trial court granted the defendant's motion to strike the allegations in his indictment that alleged prior convictions that would serve to elevate the subject offense to a felony rather than a misdemeanor. Therefore, defendant contends, his case should be remanded to the trial court for entry of a judgment as to misdemeanor stalking.

Defendant's reliance upon *Sullivan* and *Moses* is misplaced. Unlike the defendant in *Sullivan*, defendant made no motion to strike the allegation of the prior conviction from the felony stalking indictment. Moreover, in the instant case, the State moved to separate the

allegation of defendant's prior conviction into a separate count. Unlike in *Sullivan*, defendant ultimately was tried on an indictment that properly alleged the prior conviction in a separate count. Unlike in *Moses*, the allegation of defendant's prior conviction was included in the original 6 January 2004 indictment, albeit in the same count as the allegation regarding the stalking offense. Therefore, defendant was on notice of the charge against him and the fact that the State intended to prove that he previously had been convicted of misdemeanor stalking. Defendant had ample notice of the charge against him, and had an opportunity to prepare his defense.

From the record, it is clear that defendant was aware of the charge against him, including the fact that his prior conviction for misdemeanor stalking was to be used as an element of the instant charge. Defendant understood his rights and the effect of his admission of the prior conviction, and we decline to interpret section 15A-928 as requiring the quashing of defendant's indictment under the circumstances of the instant case. Therefore, we hold the trial court's allowing of the amendment to the indictment, by separating the existing allegation into two, separate counts, did not constitute a substantial alteration of the charge against defendant. The amendment merely was a change in form. Defendant had ample notice that he was being tried for felony stalking and which prior conviction was being alleged. Further, the trial court complied with the requirements of section 15A-928(c), in that defendant was given the opportunity to admit to the prior conviction outside of the jury, thereby preventing the jury from hearing evidence regarding the conviction. Accordingly, defendant's assignment of error is overruled.

Defendant's remaining assignments of error not argued on appeal are deemed abandoned. *See* N.C. R. App. P. 28(b)(6) (2006).

No Error.

Judges CALABRIA and GEER concur.